**GALLAGHER v. UNITED STATES LINES CO. (T. HOGAN & SONS, Inc., third party defendant).**

**No. 281, Docket 22719.**

United States Court of Appeals Second Circuit.

Argued June 4, 1953.

Decided July 6, 1953.

178

Kirlin, Campbell & Keating, New York City, Raymond Parmer and Vernon Sims Jones, New York City, of counsel, for United States Lines Co., defendant and third-party plaintiff-appellant.

Levine, Baker & Heiberger, New York City, Moe Levine and Jack Steinman, New York City, of counsel, for Julia Gallagher, as adm'x of Estate of James Gallagher, deceased, plaintiff-appellee.

Bleakley, Platt, Gilchrist & Walker, New York City, Frank A. Fritz, John B. Forrest and Cyril Crimmins, New York City, of counsel, for T. Hogan & Sons, Inc., third party defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The decedent James Gallagher [1] was a longshoreman employed by the third party defendant T. Hogan & Sons, Inc. (hereafter referred to as Hogan). On the date of his injury July 10, 1950, Gallagher had been assigned by Hogan to assist in the unloading of cargo from one of the ships owned by the defendant United States Lines Company (hereafter referred to as United). Hogan was an independent contractor hired by United pursuant to the terms of a written contract to discharge cargo from its ships. Gallagher suffered the injuries for which he sued when he was struck by a bale of scrap rope that had fallen from an airplane skid belonging to Hogan which was being used to unload the cargo. The jury's finding in answer to special interrogatories that the airplane skid was not a reasonably safe piece of equipment for handling the baled scrap rope is not disputed on this appeal. The further finding by the jury that Gallagher was free from contributory negligence is also not contested. There was no claim that the vessel and its appliances were in any way unseaworthy or defective.

The parties stipulated that "United States Lines Company did not supervise T. Hogan & Sons, Inc., or any of its employees in the performance of any [of] T. Hogan & Sons, Inc.'s stevedoring activities, but relied, for the proper performance of the stevedoring work in all its details, on the performance by T. Hogan & Sons, Inc. of its contractual obligation to the United States Lines Company," but that if there had been such supervision it would have been possible for United to have directed the use by Hogan of some other method to discharge the baled scrap rope.

Federal jurisdiction was invoked on the ground of diversity of citizenship. The first trial before Judge Weinfeld resulted in a disagreement among the jurors. On a second trial before Judge Edelstein, the

1. The plaintiff James Gallagher died after the argument of this appeal. Julia Gallagher, as administratrix of the Estate of James Gallagher, by stipulation has been substituted as party plaintiff on this appeal.

jury, in response to special interrogatories, found, *inter alia*, that United failed to exercise reasonable care when it did not prevent the use of the airplane skid by Hogan, and returned a verdict of $250,000. The jury also found that Hogan's negligence in providing the skid did not differ in quality from United's negligence so that the latter's negligence was not "secondary." United's third party compaint against Hogan was therefore dismissed. (Hogan's individual liability is governed exclusively by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.). United has appealed, contending that it owed no duty to Gallagher, and that if it did, Hogan is liable over to it, since Hogan's negligence was "primary" as a matter of law. In view of our disposition of this appeal only the first point need be considered.

In the three year contract between United and itself, Hogan promised to load and discharge all cargo, and that it would furnish all necessary equipment and manpower. Paragraph eleven provided for the handling of the loading operations by Hogan "in the order directed by and manner satisfactory to the Owner." In addition it read: "The Contractor [Hogan] performing any service required by this contract shall use such equipment *approved by the Owner* as is best adapted for the proper and safe handling of the cargo, passenger baggage, and mail." [Emphasis added.] Judge Edelstein, in accordance with Judge Weinfeld's ruling on the first trial, held that the reservation of the power to approve the equipment gave the defendant the power to direct Hogan not to use the airplane skid and that, as he charged the jury: "As a result of this reserved contractual power * * * the United States Lines had a duty toward the plaintiff Gallagher to exercise reasonable care for his safety in seeing to it that the equipment used by T. Hogan was safe and proper for the use to which it was put."

■ The only basis under the law of New York (which governs, since the accident occurred within that State), for finding a duty on the part of United toward Galla-gher is the reservation of the power to approve the equipment that Hogan used. Where power is reserved by one who has hired an independent contractor to direct or control the contractor, an affirmative duty arises to exercise that power with reasonable care. Restatement, Torts § 414. The duty is necessarily co-extensive with the power. Thus, a general ability to control the work in order to insure that it is satisfactorily completed in accordance with the requirements of the contract does not of itself make the hirer of an independent contractor liable for harm resulting from negligence in conducting the details of the work, e. g., Uppington v. City of New York, 165 N.Y. 222, 223–235, 59 N.E. 91, 53 L.R.A. 550. Gucciardi v. Chisholm, 2 Cir., 145 F.2d 514, 515. The hirer "must have the power to control the manner of performing the very work in which the carelessness occurred." Vogel v. Mayor of City of New York, 92 N.Y. 10, 18, 44 Am.Rep. 349. Viewed in perhaps another way, United owed a duty to Gallagher, a business visitor, but this duty did not extend to conditions and activities over which United had no control. Lauro v. United States, 2 Cir., 162 F.2d 32; Mollica v. Compania Sud-Americana de Vapores, 2 Cir., 202 F.2d 25.

■ Consequently, in the case at bar United's liability turns on the interpretation of the contract between it and Hogan in respect to the control retained by the former over the stevedore's activities. We do not think that by giving United a general power to approve the equipment to be used the intent of the parties to this contract was to reserve to United the detailed control that would make it liable for the injury to the plaintiff's decedent. United never exercised any control over the details of the work, which is some indication of what the parties to the contract intended. See Hammond v. C. I. T. Financial Corp., 2 Cir., 203 F.2d 705, 707. Moreover, when the clause in question is read in conjunction with the rest of the contract it is clear that the power of approval over the equipment was only reserved to insure that Hogan complied with its contract to do the stevedoring work on United's vessels, rather than to regulate the

details of the work. Responsibility for the method of discharging the cargo was left entirely to Hogan; the only proviso was that it must be done to the "owner's satisfaction."

The judgment is reversed and the case remanded with directions to enter judgment in favor of the defendant United States Lines Company. Consequently, no question of Hogan's liability over to United arises, and the dismissal of the third party complaint is affirmed. No costs are awarded.