James E. GERKING, Plaintiff,

v.

FURNESS, WITHY & COMPANY, Ltd., a foreign corporation, Defendant.

FURNESS, WITHY & COMPANY, Ltd., a foreign corporation, Third-Party Plaintiff,

v.

PORTLAND STEVEDORING COMPANY, Third-Party Defendant.

No. 2678.

United States District Court
W. D. Washington, S. D.

Aug. 31, 1961.

Philip Poth, Seattle, Wash., for plaintiff.

Theodore A. LeGros, Seattle, Wash., for defendant and third-party plaintiff.

Nathan Heath, Portland, Or., for third-party defendant.

BOLDT, District Judge.

■ Recovery over against defendant stevedoring company is sought by defendant Furness for its liability in damages on account of injuries sustained by plaintiff while he was engaged in stevedoring work aboard a Furness vessel. It is well settled that in appropriate circumstances such indemnity will be granted. Weyerhaeuser SS Co. v. Nacirema Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491; Crumady v. Joachim Hendrik Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413.

The stevedoring company contends that the relief sought by the shipowner should be denied for three principal reasons each of which will be briefly stated and determined.

■ 1. It is contended that the rights of the parties must be determined under English law because the stevedoring contract was signed by the shipowner in London. Although counsel for the stevedoring company asserted in argument that recovery by the shipowner would be precluded under English law, it was not so established by either evidence or stipulation. In the absence of proof of foreign law, it is presumed to be the same as the law of the forum. Section 622 Restatement of Conflicts of Law. Assuming, without deciding, that foreign signing by one party to a contract requires its interpretation under foreign law, the purport and effect of such law must be proven. For want thereof the first contention is without merit.

■ 2. The stevedoring company argues that it is absolved from liability to the shipowner under the "satisfaction" clause of the contract because it was not shown that officers of the vessel objected to the cargo discharge methods and operations which resulted in the injury in question. The controlling authorities do not support this position. Gallagher v. United States Lines, 2 Cir., 206 F.2d 177; Pennsylvania R. Co. v. United States, 70 F.Supp. 595, 108 Ct.Cl. 419. In *Gallagher* it was said "Responsibility for the method of discharging the cargo was left entirely to Hogan [the stevedore]; the only proviso was that it must be done to the 'owner's satisfaction.'" It is clear that in the instant case the "satisfaction" clause relates to the results to be accomplished by the loading operations rather than to the details of the work which, under the contract, were intended to be and specified as the responsibility of the stevedoring company.

■■ 3. It is urged that liability for indemnity to the shipowner is precluded by the jury verdict finding the vessel owner chargeable with negligence and unseaworthiness in the condition of the starboard winch at the No. 3 hatch. A line of authority following Ryan Stevedoring Co. v. Pan Atlantic SS Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956) allows indemnity in cases where the stevedore continues to operate ship's gear after knowledge of its defective condition thereby putting the hazardous condition into active play to the injury of workmen of the stevedore. The defendant stevedoring company argues that the *Ryan* case must be distinguished because in the present case the ship's officers had actual notice of the defective winch prior to plaintiff's injury. While there is some evidence to that effect in the testimony of employees of the stevedoring company, on close examination thereof and on the court's appraisal of those witnesses their testimony is not accepted as credible. From a review of the evidence as a whole it is found that the ship's officers did

not have actual notice of any defect in the winch in question prior to plaintiff's injury. Even if the fact were found as contended by the stevedoring company, the indemnity sought by the shipowner need not be denied. W. J. Jones & Son, Inc. v. Calmar SS Corp., 284 F.2d 499 (9th Cir.).

▆ Indemnity over against defendant Portland Stevedoring Company as sought by the shipowner Furness, Withy and Company is hereby granted. Exceptions allowed. Findings, conclusions and judgment to such effect may be presented at the convenience of counsel.