## NORMAN v. SPOKANE–PORTLAND & SEATTLE RY. CO.

### Civ. 4090.

United States District Court
D. Oregon.

Jan. 16, 1950.

Elton Watkins, of Portland, Or., for plaintiff.

Hugh L. Biggs and George H. Fraser (of Hart, Spencer, McCulloch, Rockwood & Davies), of Portland, Or., for defendant.

JAMES ALGER FEE, Chief Judge.

Norman, according to the agreed facts, was an employee of Gilpin Construction Company, an established private corporation engaged in contracting and construction work of a general nature, including from time to time bridge and trestle repairs for railroads, among which was the defendant Spokane-Portland & Seattle Railway Co., a common carrier of persons and of property in interstate commerce. Gilpin had not rejected the Oregon Workmen's Compensation Act, O.C.L.A. § 102–1701 et seq., and regularly made contributions to the State Industrial Accident Commission on behalf of all its employees. The Rockton Bridge of the railroad fell into disrepair. A contract was entered into between Gilpin and the railroad for the repair thereof. During the work, Norman was seriously injured by a fall from a scaffold, which he alleges was improperly protected. For this injury, he brought action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., upon the theory that the railroad is under a nondelegable duty to perform such work by its own employees and is therefore liable to any workman injured thereon. It was originally asked by plaintiff that the cause be tried by jury. However, the issues were finally submitted, both as to fact and law, to the court.

There was an amended pretrial order drawn after conference, which practically reduced the case to the solution of the following question of law: "Where a railroad corporation engaged in interstate commerce contracts with an independent contractor for the construction, repair and maintenance of the railroad company's bridges and trestles used in interstate commerce, is it relieved from liability in damages under the Federal Employers' Liability Act for injuries to employees of the independent contractor occurring during the course of such work and caused by the independent contractor's negligent failure to provide a safe place and suitable equipment to the employees for such work?"

The cause was submitted upon the transcript of evidence taken in a similar case in the state court and the agreements contained in stipulations and in the pretrial order. It is agreed that Gilpin was in fact a truly independent contractor acting under a bona fide contract with the railroad, which was not designed or intended as a scheme or artifice to evade the provisions of the Federal Employers' Liability Act. It is stipulated that the 1939 amendment of the Federal Employers' Liability Act has "no bearing on who are 'employees' of a railroad" under the Act. The parties have likewise agreed that the following decisions do not bear on the basic issue and may be disregarded:

"1. Decisions as to whether the work being performed by a particular railroad employee at the time of injury was within interstate commerce so as to vest jurisdiction of the action in federal courts.

"2. Decisions holding that particular factual situations by common law tests constituted the parties employer-employee rather than independent contractor-contractee.

"3. Decisions under the Railroad Retirement Act [45 U.S.C.A. § 228a et seq.], Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.] and Social Act [42 U.S.C.A. § 301 et seq.] where the question presented is whether an employee is engaged in interstate commerce within the scope of the particular legislation and/or whether the employee falls within the coverage of said legislation or is otherwise within the scope of such legislation, including that of the relationship of employer-employee."

The court therefore finds the facts as agreed in the amended pretrial order. Particularly, the court finds as a fact that Norman was an employee of Gilpin and not an employee of defendant. The court also finds that Norman was acting under the direction and control of Gilpin and not of defendant. Gilpin had unrestrained power to direct the manner and method of doing the work and the choice of its own employees. There was actually no attempt to delegate any responsibility by defendant, but simply a normal transaction of letting repair work to an independent contractor.

The court is of opinion that a railroad company may employ a contractor to repair bridges. The duty of the railroad company to keep such transportation facilities in

reasonable repair is not nondelegable so far as employees of the independent contractor are concerned. Here the independent contractor had been in business for many years and was covered under the Workmen's Compensation Act.

Of the hundreds of cases which have been reviewed by the court, none suggests that an employee of a true independent contractor erecting or repairing a bridge on a right of way becomes an employee of the railroad company because the duty of construction and repair of such bridges cannot be delegated. No case suggests that the employee of an independent contractor becomes an employee pro hac vice under such circumstances. In view of the history of such construction by independent contractors ever since railroads have been in existence, it is necessary to answer that the employees of the contractor do not become employees of the railroad by any legal theory. This does not derogate from the duty of the railroad to construct and repair such structures. But the duty is not to plaintiff but to its passengers. If there were a question of control of the operation by the railroad, a possibility exists that liability of the railroad might be worked out. But the parties have entered the following stipulation, which disposes of this basis of liability as well as many others:

"It is agreed by the parties that the Amendment to the Pretrial Order poses for this Court's determination a single question:

"May a railroad delegate to an independent contractor the work of repairing, renewing and maintaining its tracks and bridges in the sense that the employees of an independent contractor who are injured in such work are not employees of the railroad within the scope and meaning of the Federal Employers' Liability Act?"

The claim of Norman for this accident was allowed by the State Industrial Accident Commission. In view of the modern policy of administrative compensation for accidents, it would seem that no distinction should be created between construction work done by this established contractor in building a railroad bridge and in building an office tower. Just because his employer happened by chance to be building a railroad bridge instead of an office building is no reason for permitting plaintiff to gamble upon the windfall of a heavy verdict or the disaster of no recovery simply because he was incidentally working on railroad bridge construction. Nor, on the other hand, is it sound public policy, if he lost in such a gamble, to permit him to fall back into the safety net of the Workmen's Compensation Act.

The question submitted is decided in the affirmative, and the action is dismissed.