CAHILL *v.* NEW YORK, NEW HAVEN &
HARTFORD RAILROAD CO.

No. 436.   Decided May 14, 1956.

*William T. Griffin* and *Herbert Burstein* for movant.

*Randolph J. Seifert* in opposition.

PER CURIAM.

Respondent filed a motion to recall and amend the judgment in the above-entitled cause, 350 U. S. 898, for the purpose of remanding the cause to the United States Court of Appeals for the Second Circuit for further proceedings.   Prior to the filing of this motion, and after the District Court denied an application for a stay of execution, the judgment was satisfied; but petitioner was informed that respondent intended to pursue its remedies notwithstanding payment of the judgment.

The motion of respondent to recall the judgment is granted.   It is ordered that the certified copy of the judg-

ment sent to the District Court be recalled and that the judgment be amended so as to provide for a remand of the cause to the United States Court of Appeals for the Second Circuit for further proceedings. *Boudoin* v. *Lykes Brothers S. S. Co.,* 348 U. S. 336, 350 U. S. 811; Rule 58 (4), Supreme Court Rules.

We deem our original order erroneous and recall it in the interest of fairness. Similar relief was requested by respondent in a petition for rehearing, denied in 350 U. S. 943. Rule 58 (4) bars consecutive and out-of-time petitions for rehearing. The *Boudoin* case, however, concerned a motion to recall a judgment that asked for almost identical relief. Yet, if it had been considered a petition for rehearing, it was filed out of time. The grant of the motion in the *Boudoin* case shows that Rule 58 (4) does not prohibit motions to correct this kind of error.

Compare as to mootness, *Bakery Drivers Union* v. *Wagshal,* 333 U. S. 437, 442; *Dakota County* v. *Glidden,* 113 U. S. 222, 224. The problems that may arise from demand for repayment are not before us.

MR. JUSTICE BLACK, with whom THE CHIEF JUSTICE, MR. JUSTICE DOUGLAS, and MR. JUSTICE CLARK join, dissenting.

In the interest of fairness we would not remand this case to the Court of Appeals. Cahill brought this action under the Federal Employers' Liability Act [1] to recover for injuries sustained while working as a railroad brakeman. He was hurt on a busy highway which had railroad tracks running down its center. While flagging traffic behind a train stalled on these tracks Cahill was struck by a truck which started up suddenly. His complaint charged that the railroad was negligent in sending him to work in such a dangerous place without proper

---

[1] 35 Stat. 65, as amended, 45 U. S. C. § 51 *et seq.*

warning or instructions. The jury found for Cahill and awarded him damages. The railroad asked the Court of Appeals to reverse Cahill's judgment on two grounds: (1) there was insufficient evidence to permit submission of the case to the jury; (2) the trial judge erroneously admitted evidence of prior accidents at the scene of Cahill's injury offered to show the railroad's negligence in failing to warn him of dangers such as had brought about those accidents.

The Court of Appeals reversed on the ground that there was not sufficient evidence to support the verdict. 224 F. 2d 637. Having taken this action the Court of Appeals expressly stated that it did not find it necessary to pass on the alleged error in admitting the evidence of prior accidents. Cahill then asked us for certiorari. On November 21, 1955, we granted his petition and reversed the Court of Appeals' judgment, thereby reinstating the judgment of the District Court. 350 U. S. 898. MR. JUSTICE REED dissented. MR. JUSTICE FRANKFURTER, MR. JUSTICE BURTON, and MR. JUSTICE HARLAN expressed the view that certiorari should have been denied; they did not participate in the decision on the merits.[2] In a timely petition for rehearing the railroad called our attention to the fact that its objection to the evidence of prior accidents had never been passed on by the Court of Appeals, urging that we reconsider our judgment and modify it to the extent necessary to remand the cause to the Court of Appeals to pass on the question it had left undecided. This Court denied the petition for rehearing. 350 U. S. 943.

The railroad's present "motion to recall" presents precisely the same contention which was raised in its peti-

---

[2] See *Carter* v. *Atlanta & St. A. B. R. Co.,* 338 U. S. 430, 438–439; *Schulz* v. *Pennsylvania R. Co.,* 350 U. S. 523, 527; and cases there cited.

tion for rehearing. We are asked once more to remand the case to the Court of Appeals for the Second Circuit for that court to determine whether there was error in admitting the evidence of prior accidents. Thus the "motion to recall" turns out to be a petition for rehearing of a former petition for rehearing. Or in somewhat plainer language, the motion to recall turns out to be a second petition for rehearing. But Rule 58 (4) of this Court declares that: "Consecutive petitions for rehearings, and petitions for rehearing that are out of time under this rule, will not be received." What is in fact a second petition for rehearing should not be received simply because it is labeled a "motion to recall."

There can be no possible doubt that a proper way to raise the sort of question here presented is by filing a petition for rehearing. Our records are filled with proof of this. The latest example is our action in *Union Trust Co.* v. *Eastern Air Lines, Inc.*, 350 U. S. 962, decided February 27, 1956. We granted relief in that case of precisely the same kind that the railroad here asked us to grant in its petition for rehearing and asks us again to grant in its "motion to recall." There is nothing new about granting the relief here requested in response to a petition for rehearing. Upon one occasion Mr. Justice Bradley, speaking from the bench, said:

> "It ought to be understood, or at least believed, whether it is true or not, that this Court, being a Court of last resort, gives great consideration to cases of importance and involving consequences like this, and there should be a finality somewhere. This custom of making motions for a rehearing is not a custom to be encouraged. It prevails in some States as a matter of ordinary practice to grant a rehearing on a mere application for it, but that practice we do not consider a legitimate one in this Court. It is

possible that in the haste of examining cases before us, we sometimes overlook something, and then we are willing to have that pointed out, but to consider that this Court will reexamine the matter and change its judgment on a case, it seems to me, is not taking a proper view of the functions of this Court. . . ." [3]

This was an early recognition of the appropriateness of a motion for rehearing to raise points that have been overlooked. Thus, *assuming* that the point raised here was overlooked originally, it was correctly raised in the first petition for rehearing and that should end the matter if this Court's Rule 58 (4) is to be followed.

Mr. Justice Bradley dealt with the problem of successive petitions for rehearing in *Williams* v. *Conger,* 131 U. S. 390. There the litigant claimed that a clerical error had been made in an opinion. A rehearing was asked on that ground but was denied. The Court concluded that "no modification of the judgment was required, and no rehearing was necessary or called for. . . ." 131 U. S., at 391. Later the same request was again made. Mr. Justice Bradley, speaking for the Court, expressed its strong lack of patience at the "persistent renewal of the application . . . especially upon the same reasons once overruled . . . ." *Ibid.* One would judge from the tone of the opinion in that case that the Court would not have reached a different result had the second motion for rehearing been labeled a "motion to recall the judgment."

---

[3] Charles Evans Hughes, The Supreme Court of the United States (1928), 71–72. See also Frankfurter and Landis, The Business of the Supreme Court at October Term, 1931, 46 Harv. L. Rev. 226, 237: "Of course, to deny a rehearing may conceivably be only an obstinate adherence to error. But surely, barring very exceptional circumstances, a rehearing implies a serious lack in the adjudicating process, a failure in mastering either the record or the pertinent legal considerations that govern the issues. . . ."

Our action in *Boudoin* v. *Lykes Bros. S. S. Co.*, 350 U. S. 811, does not justify the Court in granting this motion to rehear a petition for rehearing formerly denied. In that case Boudoin appealed from a judgment of the District Court in his favor, claiming: (a) the amount of damages awarded him was inadequate; and (b) the term of maintenance determined by the trial court was insufficient and should be extended and increased. The Court of Appeals undercut both of these alleged errors by holding that Boudoin was entitled to recover nothing at all. We reversed. 348 U. S. 336. Boudoin filed no petition for rehearing. He did ask us to amend our judgment so that the Court of Appeals could adjudicate the question of the amount of damages and we granted that motion. But our action there is not comparable to the action requested here. Had we denied Boudoin's motion and had he filed a later motion of the same kind I suppose we would not have considered it a second time. But here the Court is asked to review its judgment of reversal a second time. The substance of the pleadings and not their labels should govern our action. We should not grant what is in effect a second petition for rehearing unless the Court is willing to admit that it is refusing to give the rule against successive petitions for rehearing its literal meaning. There are strong arguments for allowing a second petition for rehearing where a rigid application of this rule would cause manifest injustice. Cf. *Hormel* v. *Helvering*, 312 U. S. 552, 556–559. But this is no such case.

We have never held that in every instance where the Court of Appeals has failed to decide a point, we must remand the cause to that Court. Such a rigid rule would be most undesirable and would bring about interminable delays with most unjust results. In *Delk* v. *St. Louis & S. F. R. Co.*, 220 U. S. 580, a suit for injuries under the Safety Appliance Act, this Court, after reversing the

Court of Appeals on one question, went on to decide a second question which the Court of Appeals had expressly left undecided. Mr. Justice Harlan, speaking for the Court, said: "As the case is here upon certiorari to review the judgment of the Circuit Court of Appeals, this court has the entire record before it with the power to review the action of that court as well as direct such disposition of the case as that court might have done . . . ." 220 U. S., at 588.[4] More recently in *O'Leary* v. *Brown-Pacific-Maxon, Inc.*, 340 U. S. 504, this Court again decided a question left undecided by the Court of Appeals. MR. JUSTICE FRANKFURTER, speaking for the Court, said: "In this instance, however, we have a slim record and the relevant standard is not difficult to apply; and we think the litigation had better terminate now. Accordingly we have ourselves examined the record to assess the sufficiency of the evidence." 340 U. S., at 508. At least where there are unsubstantial points left undecided below this Court should not remand the case for consideration of those points.

Certainly there is no error asserted here that justifies sending this case back to the Court of Appeals. The error claimed relates to the admissibility of evidence concerning prior accidents. Cahill's case against the railroad was based in large part on the failure to give him proper instructions before sending him to work in a dangerous place when he had never done such work before. This made the railroad's knowledge of the danger of highway traffic at that location highly relevant in proving the railroad negligent. What better proof could there

---

[4] See also *Harriman* v. *Northern Securities Co.*, 197 U. S. 244, 287; *Lutcher & Moore Lumber Co.* v. *Knight*, 217 U. S. 257, 267–268; *Lamar* v. *United States*, 241 U. S. 103, 110–111; *Camp* v. *Gress*, 250 U. S. 308, 318; *Langnes* v. *Green*, 282 U. S. 531, 536–539; *Story Parchment Co.* v. *Paterson Parchment Paper Co.*, 282 U. S. 555, 567–568.

be than the fact that the railroad knew there had been repeated accidents at the same location of the kind that brought about Cahill's injury? No fair system of evidence would exclude such testimony when issues are raised like those involved here. As Mr. Justice Field, speaking for the Court, said in *District of Columbia* v. *Armes*, 107 U. S. 519, 525: "The frequency of accidents at a particular place would seem to be good evidence of its dangerous character,—at least, it is some evidence to that effect." [5]

We are told in this case that the railroad has already paid the judgment. For all we know that judgment was paid directly to Cahill. It is the general rule that voluntary payment of a judgment amounts to accord and satisfaction. *Thorp* v. *Bonnifield*, 177 U. S. 15, 18–19. Payment under duress is of course a different matter. We do not know whether this judgment was paid under duress. It is true there is a statement in respondent's brief that it informed petitioner of its intention to pursue whatever remedies it had notwithstanding payment of the judgment. And the brief also states that the District Court declined to agree to a stay of execution. This statement is certainly not sufficient to show the kind of duress that ought to justify setting aside the payment of a judgment.[6] Even if the facts alleged were sufficient,

---

[5] See also the interesting discussion and cases cited in 2 Wigmore, Evidence (3d ed. 1940), §§ 252, 458. And see Notes: 65 A. L. R. 380, 81 A. L. R. 685, 128 A. L. R. 595, and cases there cited.

[6] "Where a party pays an illegal demand with a full knowledge of all the facts which render such demand illegal, without an immediate and urgent necessity therefor, or unless to release his person or property from detention, or to prevent an immediate seizure of his person or property, such payment must be deemed voluntary and cannot be recovered back. And the fact that the party at the time of making the payment files a written protest does not make the payment involuntary." *Railroad Co.* v. *Commissioners*, 98 U. S. 541, 543–544. See also *Little* v. *Bowers*, 134 U. S. 547, 554–558.

the question should be tried as one of fact before this Court takes the drastic action of trying to make a plaintiff pay back money that he has received under an order of this Court. *Dakota County* v. *Glidden,* 113 U. S. 222.[7] If such summary action as here requested can be taken with reference to a judgment paid only a few days ago, why could it not be taken with reference to a judgment paid a year ago?[8]  Yet the Court, without investigating these problems, summarily grants the motion to recall and remands the case to the Court of Appeals.

I think the Court should deny this motion.

---

[7] "But this court is compelled, as all courts are, to receive evidence *dehors* the record affecting their proceeding in a case before them on error or appeal." 113 U. S., at 225. See also *Wood-paper Co.* v. *Heft,* 8 Wall. 333.

[8] The expiration of a Term of this Court is apparently no longer relevant. See 28 U. S. C. § 452.