Lewis C. DOUGALL, Appellant,

v.

SPOKANE, PORTLAND AND SEATTLE RAILWAY COMPANY, a corporation, Appellee.

No. 15544.

United States Court of Appeals Ninth Circuit.

June 13, 1958.

Rehearing Denied Aug. 5, 1958.

Roth & Tilbury, Roger G. Tilbury, Portland, Or., for appellant.

Hart, Spencer, McCulloch, Rockwood & Davies, Hugh L. Biggs, Cleveland C. Cory, Portland, Or., for appellee.

Before HEALY, POPE, and HAMLEY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order of the United States District Court for Oregon denying appellant's motion, under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for correction and relief from a judgment which was entered July 11, 1952.[1]

This judgment dismissed appellant's action under the Federal Employers' Liability Act to recover from appellee damages on account of personal injuries sustained by appellant in January of 1946. The judgment was affirmed on appeal to this court (9 Cir., 207 F.2d 843, Case No. 13,492), and certiorari was denied (347 U.S. 904, 74 S.Ct. 429, 98 L.Ed. 1063). Judgment on this court's mandate was

1. Appellant has also filed with this court a motion for correction and amendment of our mandate in the previous appeal of this case, premised on the assertion that we there lacked jurisdiction because there was no final judgment from which to appeal. The motion is denied for reasons hereinafter appearing.

entered below February 23, 1954. The motion under Rule 60, Federal Rules of Civil Procedure, was filed November 21, 1956, and the order presently appealed from was entered in January 1957.

As stated in our opinion on the original appeal, a pre-trial order, approved by counsel for both parties, was entered. By stipulation, the order was to supersede all pleadings. The final pre-trial order set out the issues as follows:

"I. Alleged Liability under Federal Employers' Liability Act [45 U.S.C.A. § 51 et seq.]

"A. Right to Maintain Action under Federal Employers' Liability Act.

"B. Alleged Liability for Negligence under Federal Employers' Liability Act and Alleged Violation of Safety Appliance Act [45 U.S.C.A. § 1 et seq.]

"1. *If plaintiff has a right of action under the Federal Employers' Liability Act against defendant herein,* is defendant liable under that Act (a) for negligence * * or (b) in the active or permissive use of equipment in violation of the Safety Appliance Act * * * ?" [Emphasis supplied.]

It is clear that the action to be tried was framed entirely under the Federal Employers' Liability Act. The trial court agreed to separate issues IA and IB. Witnesses were heard as regards the first of these issues, namely IA, "is there a right of action under FELA?" The trial court found the defendant railroad company Not liable under the Federal Employers' Liability Act, on the ground that Morrison-Knudsen was an independent contractor; therefore, plaintiff was not an employee of the defendant railroad company. This being the case, the court did not reach issue IB, but in accord with its findings of fact it entered judgment dismissing the action.[2]

The district court's order denying appellant's motion for relief must be affirmed. For the purpose of the motion, this court will look at the record in No. 13,492 solely for the purpose of determining whether the judgment of July 11, 1952, was a final judgment, or whether, as appellant contends, it was an unappealable interlocutory order. The judgment dismissed and terminated this action in the court below. It was, as already indicated, granted on findings of fact and conclusions of law which determined that appellant was not an employee of appellee and could not maintain an action under the Federal Employers' Liability Act.

The judgment being one of dismissal on the merits of appellant's action for damages under the provisions of the Federal Employers' Liability Act was obviously a final and appealable judgment.

Affirmed.

POPE, Circuit Judge.

I dissent. I think the part of the pre-trial Order designated under heading I. B., although poorly drawn,[1] did raise the question whether there was liability under the Safety Appliance Act. If there was any ambiguity about it, the Judge understood it to mean what I have in-

2. The court also suggested from the bench that the plaintiff might desire to amend the pre-trial order or commence a new action on the ground that there was liability independent of the F.E.L.A. for permitting violations of the Safety Appliance Act. Plaintiff did not take advantage of the suggestion.

1. The paragraph read in full as follows: "1. If plaintiff has a right of action under the Federal Employers' Liability Act against defendant herein, is defendant liable under that Act (a) for negligence in the operation of the facilities used to repair and recondition the roadbed and right of way in question, or (b) in the active or permissive use of equipment in violation of the Safety Appliance Act; and (c) was defendant's alleged conduct a cause, in whole or in part, of plaintiff's damages?"

The trouble arises from the use of the "if" clause with which the statement begins. I think it possible to construe the clause as applying only to (a), and not to (b), particularly in view of the trial court's plain understanding.

dicated, for his findings recite, in the second introductory paragraph, that "the issues of plaintiff's right to maintain this action under the provisions of the Federal Employers' Liability Act was segregated for separate trial by the Court. \* \* \*" Plainly this Judge understood there were two claims, else why segregate one?

The orderly thing would have been to decide that issue first as it was segregated, and later get around to consideration of the Safety Appliance Act issues. Apparently through oversight the conclusions and the judgment directed that the *action* be dismissed. If, as I think it was fairly a two-claim action, the judgment should have been limited to dismissal of one claim only. Then Rule 54(b) would have come into action.

However, the judgment dismissed the action in its entirety. So framed, it was appealable. Appellant specified as error: "The U. S. District Court erred in entering its judgment order, to-wit: Adjudged that plaintiff take nothing by reason of this action, that this action be and the same is hereby dismissed." And the point that there was involved a clear claim under the Safety Appliance Act, and that it was error to dismiss the action was argued in part IV of appellant's brief, quoting decisions that "the law is clear that non-employees within the circle of risk are also covered by the Act." This court understood this point was being made, but mistakenly said: "Another theory of action he might have had as a non-employee may not be urged here since it was not advanced in the trial court." As I have shown, I think it was so advanced, though ineptly, but the ineptness did no harm since the trial court plainly understood there were two claims for segregation.

Appellant has both appealed from the denial by the district court of relief under Rule 60, and has moved here for correction and amendment of our mandate.

In my view the case comes within the rule applied in Cahill v. New York, N. H. and H. R. Co., 351 U.S. 183, 76 S.Ct. 758, 100 L.Ed. 1075. As there, our original order was erroneous and we should "recall it in the interest of fairness."

Rehearing denied: POPE, Circuit Judge, dissenting.