William P. ROGERS, Attorney General of the United States, Appellant,

v.

CHENG FU SHENG and Lin Fu Mei, Appellees.

CHENG FU SHENG and Lin Fu Mei, Appellants,

v.

Robert F. KENNEDY, Attorney General of the United States, Appellee.

Nos. 15487, 16121.

United States Court of Appeals District of Columbia Circuit.

Order Entered May 8, 1961.

Opinion Filed July 6, 1961.

Messrs. Jack Wasserman and David Carliner, Washington, D. C., for Cheng Fu Sheng, and others.

Mr. Oliver Gasch, U. S. Atty., at the time the answer of the Attorney General to the order to show cause was filed, Mr. Carl W. Belcher, Asst. U. S. Atty., at the time the answer was filed, and Mr. Abbott A. Leban, Asst. U. S. Atty., were on the answer of the Atty. Gen. to the order to show cause.

Before Mr. Justice REED, retired,* BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

This litigation is before us a second time. When Cheng Fu Sheng and Lin Fu Mei first instituted suit to bar their deportation, their complaint alleged two separate claims: first, that Formosa, to which they were to be deported, was not a "country" within the meaning of the Immigration and Nationality Act § 243 (a), 66 Stat. 212 (1952), 8 U.S.C.A. § 1253(a); and, second, that the Attorney General had abused his discretion in refusing to withhold deportation on the ground that it would result in physical persecution, Immigration and Nationality Act § 243(h), 66 Stat. 214 (1952), 8 U.S.C.A. § 1253(h). The District Court, in rendering summary judgment for the aliens on the Formosa issue, did not pass upon the persecution claim. Cheng Fu Sheng v. Rogers, D.D.C.D.C.1959, 177 F. Supp. 281. The Attorney General appealed, our No. 15487, stating as the sole point on appeal that the District Court had erred in its ruling on Formosa. Thus, this was the only issue properly presented to the court for its consideration. See D.C.Cir.Gen.R. 15, 17(g), 28 U.S.C.A. We reversed, Rogers v. Cheng Fu Sheng, 108 U.S.App.D.C. 115, 117, 280 F.2d 663, 665, certiorari denied 1960, 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed. 2d 187, and remanded the case "with directions to grant summary judgment for the appellant [Attorney General]."

Upon remand, the District Court vacated its prior order, granted the Government's motion for summary judgment, and ordered "that plaintiff's action be * * * dismissed with prejudice." The instant appeal, No. 16121, is from that order, the aliens urging that the District Court erred in applying this court's mandate when it granted the Government's motion for summary judgment on the persecution claim as well as the Formosa issue.

---

* Sitting by designation pursuant to Section 294(a), Title 28, U.S.Code.

By order of February 6, 1961, we stayed deportation and denied the Government's motion to affirm or dismiss, "the court being of the opinion that its previous opinion and judgment * * * considered and disposed of only the issues therein discussed * * *." Since the persecution claim presented a separate claim for relief, which was not, and properly could not have been, considered and disposed of by this court, see Fountain v. Filson, 1949, 336 U.S. 681, 69 S. Ct. 754, 93 L.Ed. 971, reversing 84 U.S. App.D.C. 46, 171 F.2d 999 (1948), it was open for consideration and disposition upon remand, see Communist Party of U. S. v. Subversive Activities Control Board, 1958, 102 U.S.App.D.C. 395, 402–403, 254 F.2d 314, 321–22.

As it appeared from the record that the District Court on remand may well have misinterpreted our judgment in No. 15487 and therefore erred in granting summary judgment on both claims, we issued on April 3, 1961, an order to show cause why our judgment should not be amended to clarify our decision, and the District Court's judgment on mandate vacated. In response, the Government suggested that this court dispose of the persecution issue without remand. Inasmuch as the claim has not been passed upon by the District Court, and was neither ripe for decision nor properly before this court previously, we believe that remand to the lower court is the preferable procedure. See Cahill v. New York, N. H. & H. R. R., 1956, 351 U.S. 183, 76 S.Ct. 758, 100 L.Ed. 1075. Therefore, we have ordered that the judgment in No. 15487 be amended to indicate that summary judgment only on the Formosa issue was directed, that the judgment on mandate be vacated and No. 16121 remanded for further proceedings not inconsistent with the amended judgment, and that the stay of deportation be continued pending disposition of the case before the District Court.

It is so ordered.