**B. B. WOODSON, Trustee, Appellant,**

v.

**Bernard P. CHAMBERLAIN, Appellee.**

**In the Matter of Sterling R. DECKER.**

**No. 9028.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 23, 1963.

Decided May 20, 1963.

Bernard P. Chamberlain, pro se, in support of motion.

William S. Aaron, Jr., Charlottesville, Va., in opposition to motion.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The appellee has moved to docket and dismiss the appeal upon the grounds of

complete compliance by the appellant with the judgment below and of an asserted estoppel *in pais*. We deny the motion.

The appellee, Bernard P. Chamberlain, had sold to the bankrupt, Dr. Sterling Decker, a tract of land for $30,000. Payment of the purchase price was secured in part by bonds, one of which in the face amount of $5,000 is in issue. On this bond, there is recorded an agreement between Chamberlain and Decker that if certain developmental work contemplated by Decker on the land should cost more than $20,000, one-half of the excess should be a credit on the bond. Since this agreement made the ultimate purchase price uncertain, the ten per cent real estate commission could not be finally computed and $500 was deposited in escrow for the purpose of securing payment to the real estate agent of ten per cent of whatever amount ultimately proved to be payable upon the bond. Since the maximum credit could not exceed $5,000 and the maximum reduction of the real estate commission could not exceed the $500 placed in escrow, the remainder of the real estate commission was paid at the time of closing. Chamberlain had a contingent interest in the escrowed funds to the extent that they proved to be in excess of the ultimate amount determined to be due the real estate agent.

The contemplated development of the tract of land was never performed. Decker became interested in another development and subsequently appears to have abandoned this one altogether. Thereafter, he became insolvent and was declared a bankrupt.

In the bankruptcy proceedings Chamberlain filed as a secured creditor upon the $5,000 bond remaining unpaid and which contained the special agreement for the credit in the event the developmental costs exceeded $20,000. The land was sold free of the bond's lien and the Trustee had funds with which to pay Chamberlain's preferred claim. The Trustee resisted the claim, however, for, under the special agreement, he contended he was entitled to a credit of $5,000, the face amount of the bond. He did this on the basis that the developmental work on the land had never been done, but a current estimate of the cost of such work if then undertaken exceeded $30,000.

The Referee found that the Trustee was entitled to the credit he claimed, but the District Judge disagreed, holding that the credit was allowable only if the developmental work had actually been performed with incidental advantage to other lands owned by Chamberlain, and that the credit could not be claimed on a current estimate of the cost of work which had not been done and which now is clearly not to be done. He ordered the Trustee to pay Chamberlain's claim.

Shortly thereafter, the Trustee paid Chamberlain's claim. Chamberlain asserts that the Trustee said, at the time, that he was not going to appeal from the order of the District Court, and it does appear that Chamberlain then thought that the controversy was finally settled, for he then released to the real estate agent the $500 held in escrow. The Trustee asserts, however, that he did not make any commitment about an appeal, and on this motion we have no means to resolve the factual conflict between the parties.

Since there was no undisputed agreement not to appeal, we have then only the fact of the Trustee's payment of the judgment and Chamberlain's subsequent release of the escrowed funds.

■■ The usual rule in the federal courts is that payment of a judgment does not foreclose an appeal. Unless there is some contemporaneous agreement not to appeal, implicit in a compromise of the claim after judgment, and so long as, upon reversal, restitution can be enforced, payment of the judgment does not make the controversy moot.[1]

1. Cahill v. New York, New Haven & Hartford Railroad Co., 351 U.S. 183, 76 S.Ct. 758, 100 L.Ed. 1075; Dakota County v. Glidden, 113 U.S. 222, 224, 5 S.Ct. 428,

Chamberlain contends, however, that his release to the real estate agent of the $500 placed in escrow has created an estoppel *in pais* which ought to foreclose the Trustee's right of appeal. As indicated above, however, we have no basis for a finding upon the present record as to whether or not and to what extent the Trustee was responsible for Chamberlain's assumption or opinion that the controversy was ended by the Trustee's payment of the judgment. Nor do we think that the release of the escrowed funds was such an additional circumstance as to avoid the general rule that payment of a judgment does not foreclose a subsequent appeal. Doubtless, if the Trustee led Chamberlain reasonably to believe that the controversy was ended and thus unconditionally to release the $500 in escrow, and if it should ultimately eventuate the unconditional release of the escrowed funds resulted in an overpayment of real estate commissions, the loss arising out of the overpayment should fall upon the Trustee and not upon Chamberlain, but that is a matter which can be subsequently determined and adjusted. In the meanwhile, Chamberlain's risk of possible loss, not exceeding $500 by reason of a speculative overpayment of the real estate commission, ought not to foreclose the Trustee's right of appeal of his claimed entitlement to a credit of $5,000, when Chamberlain's loss, if any eventuates, is subject to equitable adjustment if the Trustee is found to be responsible for it.

For the foregoing reasons, Chamberlain's motion to docket and dismiss is denied and the Trustee's appeal will be docketed in its regular order.

Motion denied.

28 L.Ed. 981; Ferrell v. Trailmobile, Inc., 5 Cir., 223 F.2d 697; 698; Chicago Great Western Ry. Co. v. Beecher, 8 Cir., 150 F.2d 394, 397–398; Cramer v. Phoenix Mutual Life Ins. Co., 8 Cir., 91 F.2d 141; Luedinghaus Lumber Co. v. Luedinghaus, 9 Cir., 299 F. 111; Jose-

vig-Kennecott Copper Co. v. James F. Howarth Co., 9 Cir., 261 F. 567; Hoogendorn v. Daniel, 9 Cir., 202 F. 431; Leader Clothing Co. v. Fidelity & Casualty Co. of New York, 10 Cir., 227 F.2d 574.