KASHIWA, Circuit Judge,
dissenting in part.
I agree with the majority that the prior order of the Court of Claims, 221 Ct.Cl. 908 (1979), contemplated a full review as to whether, prior to her discharge, Dr. Bagin *1077 sky had been given the counseling the Manual required. The majority, however, determines this previously undecided issue on its own without a remand to the Claims Court. I would instead remand the case to the Claims Court for a determination of the counseling issue. I do not believe that it is proper or desirable for us to make our own initial fact findings on this issue without prior consideration by the Claims Court.
This court's jurisdiction is governed by 28 U.S.C. § 1295 (1982). Section 1295(a)(3) provides this court with jurisdiction to review final decisions of the United States Claims Court. That jurisdiction is purely statutory and may not be expanded beyond its statutory grant. See United States v. Young, 544 F.2d 415 (9th Cir.1976), cert. denied, 429 U.S. 1024, 97 S.Ct. 643, 50 L.Ed.2d 626 (1976); Beneficial Industrial Loan Corp. v. Smith, 170 F.2d 44 (3rd Cir. 1948), aff’d, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Hatzenbuhler v. Talbot, 132 F.2d 192 (7th Cir.1942). The Claims Court has not been given an opportunity to decide the factual and legal questions of the counseling issue in the instant case. There has been no final decision as to that issue, yet the majority finds it appropriate to usurp the function of the Claims Court and make its own de novo factual findings. The majority fails to recognize that this court and the Claims Court are not a single court with both original and appellate jurisdiction, as was a predecessor court, the Court of Claims. The jurisdiction of this court, like that of other courts of appeals, is exclusively appellate. Cf. Roche v. Evaporated Milk Association, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). This court does not have any original jurisdiction, that jurisdiction is vested in this instance in the United States Claims Court. 28 U.S.C. § 1491 (1982); Cf. Whitney v. Dick, 202 U.S. 132, 26 S.Ct. 584, 50 L.Ed. 963 (1906).
In support of its position the majority cites two Supreme Court cases: O’Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 508, 71 S.Ct. 470, 472, 95 L.Ed. 483 (1951); Cahill v. New York, N.H. & H. R.R., 351 U.S. 183, 188-89, 76 S.Ct. 758, 761, 100 L.Ed. 1075 (1956) (Black, J., dissenting). Neither case, however, supports the action taken by the majority today. The first, O’Leary, concerns the Supreme Court’s ability to review the record and previously made findings of fact of an administrative body under the substantial evidence standard. In that case an administrative determination had been made that included findings of fact and those findings were subsequently upheld by the district court. The Court of Appeals then reversed on a legal issue but did not reach the factual questions. The Supreme Court reversed the Court of Appeals, found it unnecessary to remand the case and reviewed the record itself. In O’Leary, unlike our case, there had been a full opportunity for the fact finding body to create a complete record and make findings of fact. In our case there has been no opportunity for the fact finder, the Claims Court, to consider the issue and make appropriate findings. Further, the Supreme Court in O’Leary was not concerned with the ability of a court of appeals to make de novo fact findings, but instead simply addressed its ability to review a complete record.
In the second case cited by the majority, Cahill, Justice Black in dissent said:
We have never held that in every instance where the Court of Appeals has failed to decide a point, we must remand the cause to that Court.
Id. at 188, 76 S.Ct. at 761. This statement lends no support to the majority’s actions, for it simply speaks to the relation of the Supreme Court to a court of appeals. In Cahill, both courts concerned were appellate courts, while here we are dealing with an appellate court and a court of original jurisdiction. The majority’s action in this case, however, turns this court, an appellate court, into an initial fact-finding body like a trial court.
Even if the majority’s action is proper, its failure to remand the case to the Claims Court is certainly neither necessary nor desirable in the present case. The majority view precludes the trial judge from developing the record further, as he would have *1078 been empowered to do had the case been remanded. Further development of the record would have been appropriate in light of the new, broader issue to be resolved. By deciding the case now, on the present record, we have precluded the parties the full opportunity they’re entitled to to develop their case. In addition, the majority’s decision prevents the trial judge from making credibility judgments that only he, having observed the parties, is able to do. The majority claims the reason for its action is the length of time this case has been pending. This case, however, is not ended by the majority’s ruling, since it is remanded for a trial on Count II of the petition. Thus the majority’s rationalization of the unusual action it takes today appears dubious.