PER CURIAM:
 

 The issue in this appeal is whether MBank Waco, N.A. (“MBank”) established a lien outside the preference period in the Bankruptcy Code, thereby entitling MBank to full payment of its judgment against the Debtor. The Bankruptcy Court for the Western District of Texas ruled in MBank’s favor and the district court affirmed. We now affirm the district court’s judgment.
 

 I. Facts
 

 In March 1981, the Debtor, Lucylle Cox Latham, signed an agreement guaranteeing payment of a loan from MBank to her daughter, M. Kathleen Latham. In April 1983, the Debtor created an irrevocable trust with Texas National Bank, Waco, Texas (“Texas National”) as trustee. The Debtor was the sole beneficiary of the trust income during her lifetime, with other contingent beneficiaries at her death. The trustee was authorized to invade the corpus of the trust to provide for the Debtor’s support, maintenance and welfare. The trust contained a Spendthrift Clause.
 
 [1]
 

 
 *110
 
 On May 3, 1984, MBank obtained a judgment against the Debtor as guarantor of her daughter’s loan. MBank filed an Application for Writ of Garnishment After Judgment on August 23, 1985. The Writ of Garnishment was served on Texas National on August 28, 1985. MBank then sought a Declaratory Judgment that the Spendthrift Clause in the Debtor’s trust did not prevent satisfaction of MBank’s claim from the trust estate.
 

 On March 6, 1986, the Texas 19th Judicial District Court entered a Declaratory Judgment and a Judgment in Garnishment in MBank’s favor, finding the assets in the Debtor’s trust were subject to MBank’s lien. On April 20, 1986, the Debtor filed her petition for bankruptcy under Chapter 7. MBank filed a motion in Bankruptcy Court for Relief from Automatic Stay, asserting its lien attached to the trust assets before the 90-day preference period commenced. The Bankruptcy Court granted MBank’s motion and the United States District Court affirmed.
 

 The trustee in bankruptcy appealed the district court’s judgment but did not seek a stay of the judgment pending appeal. While the appeal was pending, Texas National turned over the trust assets for sale as the Texas court’s order required. The judgment was satisfied from the sale proceeds.
 

 II.
 
 The Lien and the Preference Period
 

 The trustee in bankruptcy asserts that MBank’s lien was perfected within 90 days of the date the Debtor filed for bankruptcy, and is therefore subject to a preferential set aside by the trustee. 11 U.S.C. § 547.
 
 [2]
 
 The trustee asserts that the lien was not perfected until the Declaratory Judgment and Judgment in Garnishment were entered stating the trust assets were subject to the lien. That occurred only 35 days before the petition in bankruptcy was filed. MBank asserts its lien attached when the Writ of Garnishment was issued and served on August 28, 1985, eight months before the petition was filed.
 

 The perfection of a lien by garnishment is determined by the law of the state where the garnishment took place.
 
 In Re M.D.F., Inc.,
 
 39 B.R. 16 (Bkrtcy.1984). According to Texas case law, a garnishment lien attaches from the date of service of the summons.
 
 United States v. Standard Brass & Manufacturing Co.,
 
 266 S.W.2d 407, 408 (Civ.App.1954).
 

 The trustee argues that because the trust was irrevocable, Texas National held legal title to the trust assets
 
 [3]
 
 and the Debtor had no right to those assets until the time of the Declaratory Judgment and Judgment in Garnishment. The trustee asserts the judgments operated as a transfer of rights to the Debtor, a transfer that occurred during the preference period. Under 11 U.S.C. § 547(e)(3) a lien that is perfected outside the preference period does not attach to property rights transferred to the Debtor during the preference period.
 
 [4]
 

 See Tabita v. Internal Revenue Service,
 
 38 B.R. 511, 513 (E.D.Pa.1984) (wages earned within preference period are subject to preference even though writ of attachment was served beyond the preference period);
 
 Eggleston v. First National Bank in Nashville,
 
 19 B.R. 280 (M.D.Tn 1982).
 

 The trustee errs in viewing the judgments as a transfer of rights. The judgments merely verified that the lien was valid and did indeed attach to the trust
 
 *111
 
 assets when the Writ of Garnishment was served. Under Texas law a spendthrift clause is void when the settlor of a trust establishes the trust for her own benefit.
 
 Bank of Dallas v. Republic National Bank of Dallas,
 
 540 S.W.2d 499 (Tex.Civ. App.-Waco 1976). A creditor can reach the trust assets by garnishment. Tex. Property Code § 112.035(d) (1984);
 
 In re Goff,
 
 812 F.2d 931, 933 (5th Cir.1987). Therefore, any “transfer” of property rights to the Debtor must have occurred when the Writ of Garnishment was served, an event outside the preference period. MBank was entitled to full payment of its lien.
 

 III.
 
 Mootness
 

 MBank asserts this appeal is moot because the trustee did not move to stay the judgment pending appeal, and the judgment has been satisfied. Satisfaction of a judgment does not moot the appeal unless the defendant-appellant voluntarily satisfies the judgment, thereby misleading the plaintiff into believing the controversy has ended.
 
 Cahill v. New York, New Haven & Hartford R. Co.,
 
 351 U.S. 183, 76 S.Ct. 758, 100 L.Ed. 1075 (1956).
 
 See also, Highland Church of Christ v. Powell,
 
 640 S.W.2d 235 (Tex.1982). In this case the judgment was satisfied by Texas National, not the appellant, the trustee in bankruptcy. MBank could not have been misled into believing the controversy was over because the trustee in bankruptcy was still pursuing the appeal. Although changes in circumstances could cause difficulties, the payment of an erroneous judgment certainly can be recovered. This appeal is not moot.
 

 Conclusion
 

 For the foregoing reasons, we affirm the judgment of the district court.
 

 AFFIRMED.
 

 [1]
 

 . Spendthrift Clause. No beneficiary of any trust created hereunder shall have the right or power to anticipate, by assignment or otherwise, any income or principal given to such beneficiary by this instrument, nor in advance of actually receiving the same have the right or power to sell, transfer, encumber or in anywise charge same; nor shall such income or principal, or any portion of the same, be subject to any execution garnishment, attachment, insolvency, bankruptcy, or other legal proceeding of any character, or legal sequestration, levy or
 
 *110
 
 sale, or in any event or manner be applicable or subject, voluntarily or involuntarily to the payment of such beneficiary’s debts, including claims for alimony or support.
 

 [2]
 

 . "... the trustee may avoid any transfer of property of the debtor— ...
 

 (4) made—
 

 (A) on or within 90 days before the date of the filing of the petition ...
 

 [3]
 

 . We held in
 
 In re Goff,
 
 812 F.2d 931 (5th Cir.1987), that a Debtor holds only equitable title to assets in a trust even when the Debtor is the sole beneficiary and the trust contains a spendthrift clause, therefore a creditor cannot reach the assets merely by executing a judgment, but must obtain a Writ of Garnishment.
 

 [4]
 

 . “[A] transfer is not made until the debtor has acquired rights in the property transferred." 11 U.S.C. § 547(e)(3) (1979).