AYER v FORD MOTOR COMPANY

Docket No. 137257. Submitted January 14, 1993, at Lansing. Decided June 22, 1993, at 9:40 A.M. Leave to appeal sought.

Ray and Phyllis Ayer brought an action in the Wayne Circuit Court against Ford Motor Company and others, claiming that under MCL 257.1401 et seq.; MSA 9.2705(1) et seq. they were entitled to a replacement for a new Ford pickup truck they had purchased or a full refund of the purchase price. The court, Marvin R. Stempien, J., granted summary disposition for the plaintiffs. Ford appealed.

The Court of Appeals held:

MCL 257.1403(1); MSA 9.2705(3)(1) provides that if a defect or condition that was reported to the manufacturer continues to exist and the new motor vehicle has been subject to a reasonable number of repairs, the manufacturer within thirty days must either replace the motor vehicle or accept its return and refund to the purchaser the full purchase price. Section 3(3)(b) provides that a reasonable number of attempts at repair may be presumed to have been undertaken where the motor vehicle is out of service for repair for thirty days or more within the term of the manufacturer's express warranty or within one year of the date of delivery, and where after at least twenty-five of those days the purchaser notifies the manufacturer in writing of the need to cure the defect or condition. Section 3(3)(b) further provides that a manufacturer must notify the purchaser as soon as reasonably possible of a designated repair facility, where the repair must be completed within five business days of the delivery of the vehicle to the repair facility. Finally, § 3(5) provides that the one-year, thirty-day, and five-day periods may be extended only where repair services are not

REFERENCES

Am Jur 2d, Consumer Product Warranty Acts, §§ 66-68.

Validity, construction, and effect of state motor vehicle warranty legislation (lemon law). 51 ALR4th 872.

Construction and effect of new motor vehicle warranty limiting manufacturer's liability to repair or replacement of defective parts. 2 ALR4th 576.

available because of war, invasion, strike, or fire, flood or other natural disaster.

In this case, the trial court correctly ruled in favor of the plaintiffs after finding that the truck was out of service for repair for forty-seven days of the first three months after delivery, that the plaintiffs provided written notification of that fact to Ford, and that Ford failed to repair the truck within the five-day period provided by § 3(3)(b). Ford's contention that the five-day period should be extended because of the unavailability of parts is without merit in view of the clear language in § 3(3)(b) stating the only instances in which the period can be extended.

Affirmed.

AUTOMOBILES — WARRANTIES ON NEW MOTOR VEHICLES ACT.

An automobile manufacturer that receives written notification from a purchaser that a new motor vehicle has been out of service for repair for at least twenty-five days within the warranty period or within one year of delivery must effectuate the repair of the defect or condition within five business days of when the automobile is delivered to a repair facility designated by the manufacturer; otherwise, the manufacturer must provide a replacement vehicle or accept the return of the vehicle and refund to the purchaser the full purchase price; the five-day period for repair may be extended if repair services are unavailable because of war, invasion, strike, or fire, flood or other natural disaster (MCL 257.1403[1], [3][b], [5]; MSA 9.2705[3][1], [3][b], [5]).

*Dani K. Liblang,* for the plaintiffs.

*Gary L. Hayden,* for the defendant.

*Roy A. Ashmall,* for Varsity Ford, Inc.

*Dold, Spath & McKelvie, P.C.* (by *Frank M. DeLuca*), for Ed Schmid Ford, Inc.

Before: CONNOR, P.J., and HOLBROOK, JR., and McDONALD, JJ.

PER CURIAM. Defendant Ford Motor Company appeals from a January 7, 1991, order granting plaintiffs' motion for summary disposition pursu-

ant to MCR 2.116(C)(10) in this action involving a claim under the Michigan "Lemon Law," MCL 257.1401 *et seq.*; MSA 9.2705(1) *et seq.* Plaintiffs cross appeal for reinstatement of certain companion claims in the event defendant's appeal proves successful. We affirm.

Plaintiffs purchased a new 1989 Ford pickup truck from defendant Varsity Ford, Inc., manufactured by defendant Ford Motor Company. Plaintiffs began experiencing trouble with the vehicle's engine shortly after its purchase. Various repairs were made to the truck such that, within the first three months of ownership, the truck was out of service for forty-seven days. Plaintiffs filed suit against defendants Ford, Varsity, and Ed Schmid Ford, Inc., under various theories, the only one at issue here being their claim against defendant Ford pursuant to the Lemon Law.

The statute requires a manufacturer to repair

> any defect or condition that impairs the use or value of [a] new motor vehicle to the consumer or which prevents the new motor vehicle from conforming to the manufacturer's express warranty . . . if the consumer initially reported the defect or condition to the manufacturer or the new motor vehicle dealer within 1 of the following time periods, whichever is earlier:
>
> (a) During the term the manufacturer's express warranty is in effect.
>
> (b) Not later than one year from the date of delivery of the new motor vehicle to the original consumer. [MCL 257.1402; MSA 9.2705(2)].

MCL 257.1403; MSA 9.2705(3), the heart of the statute, provides in pertinent part:

> (1) If a defect or condition which was reported to the manufacturer or new motor vehicle dealer

pursuant to section 2 [MCL 257.1402; MSA 9.2705(2)] continues to exist and the new motor vehicle has been subject to a reasonable number of repairs as determined under subsection (3), the manufacturer shall within 30 days have the option to either replace the new motor vehicle with a comparable replacement motor vehicle currently in production and acceptable to the consumer or accept return of the vehicle and refund to the consumer the full purchase price including the cost of any options or other modifications installed or made by or for the manufacturer, and the amount of all other charges made by or for the manufacturer . . . .

* * *

(3) It shall be presumed that a reasonable number of attempts have been undertaken to repair any defect or condition if 1 of the following occurs:

* * *

(b) The new motor vehicle is out of service because of repairs for a total of 30 or more days or parts of days during the term of the manufacturer's express warranty, or within 1 year from the date of delivery to the original consumer, whichever is earlier. It shall be the responsibility of the consumer, or his or her representative, prior to availing himself or herself of a remedy provided under subsection (1), and after the vehicle has been out of service for at least 25 days in a repair facility, to give written notification by return receipt service to the manufacturer of the need for repair of the defect or condition in order to allow the manufacturer an opportunity to cure the defect or condition. The manufacturer shall notify the consumer as soon as reasonably possible of a reasonably accessible repair facility. After delivery of the vehicle to the designated repair facility, the manufacturer shall have 5 business days to repair the defect or condition. . . .

* * *

(5) The term of an express warranty, and the 1-year, 30-day, and 5-day periods of time provided

for in this section shall be extended because repair services were not available to the consumer because of war; invasion; strike; or fire, flood or other natural disaster.

Plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(10), no genuine issue of any material fact, contending they were entitled to relief under the statute because the uncontested facts indicated they notified defendant Ford by certified mail that the truck had been out of service for twenty-five days and the defect or condition was not cured within five days of the notification. Defendant Ford opposed the motion, arguing a genuine issue of material fact existed regarding whether defendants were given a reasonable opportunity to repair plaintiffs' vehicle because plaintiffs initially refused to authorize certain attempted repairs and the parts necessary to perform the repairs were unavailable. The trial court granted plaintiffs' motion, finding the vehicle was indisputably out of service for more than the thirty-day statutory time period and that defendant exceeded the five-day limitation for making the necessary repairs. Further, the court rejected defendant's assertion that the running of the five-day period could be tolled for any reason other than those listed in the statute, "war; invasion; strike; or fire, flood or other natural disaster." Accordingly, the trial court found plaintiffs were entitled to entry of a judgment in their favor as a matter of law. The trial court also denied defendant's later motion for rehearing or reconsideration, finding the motion presented the same issues previously addressed by the court.

On appeal, defendant contends the trial court erred in failing to consider the delays occasioned by plaintiffs' initial refusal to authorize certain

repairs and the unavailability of parts to complete the repairs as evidence capable of rebutting the statutory presumption that a reasonable number of attempts at repair had occurred in this case. Defendant argues the refusal to consider this evidence improperly rendered the statutory presumption irrebuttable when in fact the presumption is intended to be rebuttable. We disagree.

Although the language of subsection 3, "[i]t shall be presumed that a reasonable number of attempts have been undertaken to repair any defect or condition if" does not contain the words "conclusively" or "irrebuttably," to read the presumption as being rebuttable would deny both the language of subsection 1, which defines "a reasonable number of repairs" as being "determined under subsection (3)," and the apparent intent of subsection 5, which permits extension of time allotments set forth in the statute only where repair services are unavailable because of war, invasion, strike, or fire, flood or other natural disaster. To allow a defendant to assert the unavailability of parts as a reason for failing to make timely repairs would defeat the statute's intent to place the risk of inconvenience and monetary loss on the manufacturer rather than the consumer. A statute is to be read as a whole, with the primary goal being the effectuation of the Legislature's intent. *Smeets v Genesee Co Clerk,* 193 Mich App 628; 484 NW2d 770 (1992); *Recchia v Turner,* 197 Mich App 432; 495 NW2d 807 (1992). Accordingly, we find the statute's presumption that a manufacturer has been afforded a reasonable number of attempts to repair a defect upon the expiration of the thirty-, twenty-five-, and five-day time periods contained in MCL 257.1403(3)(b); MSA 9.2705(3)(b) unrebuttable absent the exceptions contained in the statute. Contrary to defendant's assertions, this finding

will not render a manufacturer subject to the whim of a customer who refuses to authorize repairs. The days attributable to such a refusal are properly considered in the calculation of the time periods contained in the statute. Days out of service attributable to a purchaser's refusal to authorize service do not constitute "days out of service because of repairs." Additionally, the statute affords the manufacturer five days to repair the defect or condition "after delivery of the vehicle to the designated repair facility." Actual delivery is not accomplished until the vehicle is turned over to the service facility's control for purposes of repair. If the purchaser retains control of the vehicle, the five-day statutory period does not begin to run.

In this case the record, including the parties' arguments at oral argument, indicates that even excluding the dates plaintiffs refused to authorize repairs, plaintiffs demonstrated the vehicle was out of service for thirty days, and that defendant's failure to repair within the five-day limitation resulted from the lack of repair parts, not actions attributable to plaintiffs. Summary disposition was properly granted.

Given the disposition of defendant Ford's appeal, we need not address plaintiffs' cross appeal.

Affirmed.