**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARINA MILICEVIC,
           *Plaintiff-Appellee-*
           *Cross-Appellant,*

v.

FLETCHER JONES IMPORTS, LTD.;
MERCEDES-BENZ USA,
           *Defendants-Appellants-*
           *Cross-Appellees.*

Nos. 03-15954
         03-15957

D.C. No.
CV-02-00471-RLH

OPINION

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted October 7, 2004
San Francisco, California*

Filed March 28, 2005

Before: Pamela Ann Rymer, Richard C. Tallman, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Bea

---

*This panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Robert A. Nersesian and Thea Marie Sankiewicz, Nersesian & Sankiewicz, Las Vegas, Nevada, for defendants-appellants Fletcher Jones Imports, Ltd. and Mercedes-Benz USA.

Christopher G. Gellner, Christopher G. Gellner, PC, Las Vegas, Nevada, for plaintiff-appellee Marina Milicevic.

## OPINION

BEA, Circuit Judge:

Defendants-Appellants Fletcher Jones Imports and Mercedes-Benz USA (collectively "Mercedes") appeal from the district court's judgment in favor of Plaintiff-Appellee Marina Milicevic following a bench trial. Milicevic sued for damages due to defects in the Mercedes S-500 automobile she purchased from Fletcher Jones Imports. Her Nevada state court complaint alleged breach of express warranty, breach of the implied warranties of merchantability and fitness, violation of Nevada Revised Statute §§ 597.600-597.680 (2000) (Nevada's "lemon law"), and violation of the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (1998). Mercedes removed the case to federal court based on federal question jurisdiction.

The district court found that Mercedes breached its written warranty and violated both the Nevada lemon law and the Magnuson-Moss Warranty Act. The district court awarded Milicevic damages under the Nevada lemon law and attorneys' fees under the Magnuson-Moss Warranty Act.

Mercedes contends the district court incorrectly found a violation of the Nevada lemon law. Mercedes also contends that the district court incorrectly applied the Magnuson-Moss Warranty Act and that its award of attorneys' fees under the act was improper. Milicevic cross-appeals the amount of attorneys' fees awarded as insufficient. She also claims Mercedes' appeal is moot because Mercedes paid the judgment and, therefore, there is no longer a "case or controversy" between the parties. We have jurisdiction and affirm.

## BACKGROUND

Milicevic purchased a new Mercedes S-500 from Fletcher Jones Imports on May 11, 2001, for $98,722.25. From day one, the car exhibited a number of aesthetic and mechanical problems. Within the first seven months, the following repairs were made: all four brake rotors were warped and required replacement at 6,000 miles; after locking Milicevic out of the car, the remote entry system was replaced; the motor for the passenger side window was replaced; the passenger side mirror was replaced due to a thumb print in the paint; and the rear window seal and molding were unsuccessfully repaired three times. All repairs were made under Mercedes' limited written warranty. By the end of seven months, the car had spent 55 days at Fletcher Jones' repair shop.

At that point, Milicevic wanted Mercedes to replace the car or to reimburse her for the purchase price and take the car back. Her attorney and then-fiancé,[1] Christopher Gellner, wrote a letter to Mercedes-Benz to that effect, explaining the series of problems and repairs. Aside from a cursory letter notifying Gellner that he would be contacted by a local representative of Mercedes-Benz in the near future, Mercedes-Benz did not respond to Gellner's letter, even though he made a series of unreturned phone calls. Milicevic sued Mercedes-Benz and Fletcher Jones Imports.

Before trial, Mercedes served a trial witness subpoena upon Gellner calling for him to testify at trial; Gellner then associated attorney Dale Haley for the case. At the outset of trial, Mercedes made a motion to exclude Gellner as counsel and to exclude him from the courtroom while other witnesses were testifying. The district court denied the motion, allowing Gellner to proceed as counsel so long as Haley "cross-examined"[2] Gellner and Haley conducted opening and closing arguments.

---

[1]By the time of trial, Milicevic and Gellner had married.

[2]We put "cross-examined" in quotes because given Gellner's evident interest and bias, he could be examined by Milicevic only as if on redirect. Fed. R. Evid. 611(c).

The contested issues addressed at trial were whether: (1) the brakes on Milicevic's car were "defective"; (2) it was necessary for Milicevic to leave the car at Fletcher Jones for an extended period while parts were on order for the rear window repair; and (3) the unsuccessful repair of the rear window was "significant." Ultimately, Milicevic testified at trial that she found the car's use and value impaired: "I feel like I am stranded. I cannot feel comfortable to take the car on a trip. I do not feel comfortable to drive because I don't know what next will come. . . . [E]very day is a new problem."

As noted above, the district court found the facts before the court amounted to a breach of the written warranty between the parties and a violation of both the Nevada lemon law and the Magnuson-Moss Warranty Act. Milicevic was awarded $93,423.51 — the purchase price of the car, including taxes and fees, less an amount which represented her reasonable use of the vehicle. On Milicevic's motion, the district court also awarded Milicevic attorneys' fees, but reduced the hourly rate Milicevic requested for her attorneys from $250 per hour to $150 per hour. The district court also reduced the number of hours her attorneys billed, concluding that some of the hours billed were unnecessary and duplicative.

## STANDARDS OF REVIEW

We review for abuse of discretion a district court's decision regarding whether a witness should be excluded from the courtroom. *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986). Following a bench trial, we review the district court's findings of fact for clear error, and its conclusions of law *de novo*. Fed. R. Civ. P. 52(a); *Arnold v. Arrow Transportation Co.*, 926 F.2d 782, 785 (9th Cir. 1991). We review a district court's award of attorneys' fees for abuse of discretion. *Parks v. Watson*, 716 F.2d 646, 664 (9th Cir. 1983).

## I.  Mootness

[1] The first issue is whether Mercedes' appeal is moot for lack of a "case or controversy" between the parties because

Mercedes paid the judgment as ordered by the district court. It is not so made moot.

> The usual rule in the federal courts is that payment of a judgment does not foreclose an appeal. Unless there is some contemporaneous agreement not to appeal, implicit in a compromise of the claim after judgment, and so long as, upon reversal, restitution can be enforced, payment of the judgment does not make the controversy moot.

*Woodson v. Chamberlain*, 317 F.2d 245, 246 (4th Cir. 1963); *accord United States ex rel. Morgan & Son Earth Moving, Inc. v. Timberland Paving & Construction Co.*, 745 F.2d 595, 598 (9th Cir. 1984) (citing *Woodson*).

## II.   Federal Rule of Evidence 615

This case presents a novel question under Federal Rule of Evidence 615. At the start of trial, Mercedes informed the district court it planned to call Gellner as a witness and, thus, moved the district court to remove Gellner as Milicevic's trial counsel and exclude him from the courtroom while other witnesses were testifying. The district court denied the motion. To eliminate any possibility of Gellner using his role as trial counsel to inject his credibility into portions of the trial other than his testimony, however, Gellner was barred from examining witnesses on issues about which he had first-hand knowledge; further, co-counsel Haley was ordered to conduct Gellner's re-direct examination and to make plaintiff's opening and closing arguments. On appeal, Mercedes contends that the district court committed reversible error under Federal Rule of Evidence 615 when it denied Mercedes' motion to exclude Gellner from the courtroom while other witnesses were testifying, despite the fact that he was to be called by Mercedes to testify at trial. We disagree.

[2] Federal Rule of Evidence 615 generally provides that at the request of a party a district court shall, or on its own

motion the district court may, order witnesses excluded from the courtroom so that they cannot hear the testimony of other witnesses. However, this exclusionary rule is subject to four exceptions, the third of which excepts from exclusion "a person whose presence is shown by a party to be essential to the presentation of the party's cause." Fed. R. Evid. 615(3). Thus, where a particular trial counsel is "essential to the presentation" of the client's cause, we agree with the Eighth Circuit that "Fed. R. Evid. 615(3) clearly would allow [trial counsel] to remain present in the courtroom as an exception to the exclusionary rule for witnesses." *United States v. Reeder*, 614 F.2d 1179, 1186 (8th Cir. 1980).

**[3]** Here, Gellner had represented Milicevic from the beginning of the claim process, and Milicevic had special reasons for insisting he continue as one of her attorneys. Further, Haley was associated as counsel for trial preparation and trial, and Gellner's participation at trial was limited, as set out above. Under these circumstances, we cannot say the district court abused its discretion when it denied Mercedes' motion to exclude Gellner from the courtroom.[3]

Finally, Gellner's testimony was duplicative of Milicevic's testimony or related to issues which have not been challenged on appeal. Thus, even if the court had erred under Federal Rule of Evidence 615, which we do not believe it did given Gellner's status as essential to the presentation of the case and

---

[3]Mercedes appeals only the district court's refusal to exclude Gellner under Federal Rule of Evidence 615. We express no opinion on the ethical implications, if any, of Gellner's continued participation in the trial as counsel. *Compare Lau Ah Yew v. Dulles*, 257 F.2d 744, 746 (9th Cir. 1958) (counsel should ordinarily withdraw before testifying as a witness), *with* Nev. Sup. Ct. R. 166(2) ("[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client . . . ."), *and* Nev. Sup. Ct. R. 178(1)(c) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where . . . [d]isqualification of the lawyer would work substantial hardship on the client.").

given the engagement of special co-counsel, the error was harmless. *See United States v. Ell*, 718 F.2d 291, 293-294 (9th Cir. 1983) (holding that although "prejudice is presumed" "when a court fails to comply with Rule 615," harmless error analysis is nonetheless appropriate).

## III.   Nevada Lemon Law

**[4]** The district court did not commit clear error when it found a violation of the Nevada lemon law. There was sufficient evidence to support the district court's finding that after a reasonable number of attempts at repair had been made, a reasonable person would have found the use and value of the car substantially impaired, as did Milicevic.

The Nevada lemon law states that if an automobile manufacturer, its agent or its authorized dealer is not able to conform a vehicle to its warranty after a reasonable number of attempts to repair the vehicle have been made, and the nonconformity substantially impairs the use and value of the vehicle to the buyer, it must replace the vehicle or give the purchaser a refund of the purchase price, including taxes and fees, less a deduction for the reasonable use of the vehicle. Nev. Rev. Stat. § 597.630(1). If within the first year, or within the time the warranty is in effect, whichever is less, the same condition is subject to repair four or more times or the vehicle is out of service for repair more than 30 calendar days for reasons not beyond the control of the manufacturer, its agent or its authorized dealer, it is presumed that a reasonable number of attempts to repair the vehicle have been made. Nev. Rev. Stat. § 597.630(2). When the vehicle is out of service more than 30 calendar days, the nonconformity does not have to be ongoing. *See id*.

Here the presumption that a reasonable number of attempts at repair had been made was appropriate because Milicevic's car was subject to repair four or more times within the first year for the condition both of the brakes and of the rear win-

dow, conditions which Fletcher Jones never successfully repaired. Additionally, the district court did not clearly err in finding that Milicevic's car was out of service for repair a cumulative total of 55 days during the first year.

Although Mercedes claims that the vehicle was only "out of service" for repair 24 days, discounting 31 days Milicevic's car was at Fletcher Jones awaiting the arrival of parts needed to fix the rear window seal, Fletcher Jones ordered the wrong part for the repair. When a repair is delayed by the unavailability of a part, the time under section 597.630(2)(b) is not tolled. *Cf. Ayer v. Ford Motor Co.*, 503 N.W.2d 767, 770 (Mich. Ct. App. 1993) ("To allow a defendant to assert the unavailability of parts as a reason for failing to make timely repairs would defeat the statute's intent to place the risk of inconvenience and monetary loss on the manufacturer rather than the consumer."). Milicevic had no control over the ordering of the parts, nor was she in a position to know how long the necessary parts would take to arrive. She left her car at Fletcher Jones while the parts were on order because she was told the repair would take only a few days. The responsibility for the timeliness of the repair rested with Fletcher Jones.

## IV. Attorneys' Fees Under the Magnuson-Moss Warranty Act

### A. The Magnuson-Moss Warranty Act Creates a Federal Private Cause of Action for a Warrantor's Failure to Comply with the Terms of a Written Warranty

[5] Subject to certain conditions with which Milicevic complied, the Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty: "[A] consumer who is damaged by the failure of a . . . warrantor . . . to comply with any obligation . . . under a written warranty . . . may bring suit for damages and other legal and equitable relief . . . in an appro-

priate district court of the United States . . . ." 15 U.S.C. § 2310(d)(1)(B). To the extent Mercedes argues to the contrary, the cases on which it relies are inapposite.

*First*, Mercedes cites the following language from *Skelton v. General Motors Corp.*, 660 F.2d 311 (7th Cir. 1981): "The district court properly rejected plaintiffs' argument that the Act's draftsmen intended in [Section 2310(d)] to create a federal private cause of action for breach of *all* written express warranties." *Id.* at 316 (emphasis added). The context for the Seventh Circuit's statement, however, is essential. The district court had held that the written promises at issue were not "written warrant[ies]" as defined in Section 2301(6), and the plaintiffs did not appeal that holding. *Id.* at 316 n.7. Rather, the plaintiffs argued that all written promises constituted written warranties for the purposes of Section 2310(d)(1). The Seventh Circuit rejected the plaintiffs' argument, holding that the definition of "written warranty" provided in Section 2301(6) applied wherever "written warranty" was used throughout the Magnuson-Moss Warranty Act. *Id.* at 322. Unlike General Motors' written promises, which the Seventh Circuit presumed not to amount to warranties under Section 2301(6), as we explain below, the express limited warranty given by Mercedes does qualify as a written warranty.

**[2]** *Second*, in *Richardson v. Palm Harbor Homes*, 254 F.3d 1321 (11th Cir. 2001), the plaintiffs filed suit for breach of, in relevant part, an express oral warranty when their mobile home exhibited a number of defects. *Id.* at 1323, 1326-27 (interpreting Count 1 of the plaintiffs' complaint to refer to an express oral warranty). The defendant moved to compel arbitration based on a binding arbitration agreement signed by the plaintiffs. *Id.* at 1323. In response, the plaintiffs claimed that Section 2310(a) overrode the Federal Arbitration Act, 9 U.S.C. § 2 *et seq.*, and prohibited binding arbitration agreements as to *all* consumer warranties — whether express or implied, written or oral. *Id.* The district court denied the motion to compel arbitration of the express oral warranty

claim. *Id.* at 1323-34. The Eleventh Circuit reversed and remanded, holding that the Magnuson-Moss Warranty Act superceded the Federal Arbitration Act as to written warranties but not as to oral express warranties. *Id.* at 1327. Of course, the arbitration provision in Section 2310(a) is not here at issue. Further, not only was there no dispute in *Richardson* that the plaintiffs had a private right of action under the Magnuson-Moss Warranty Act for claims of breach of written warranties, the court's language dispels whatever doubt there might be: "The Act's consumer-suit provision . . . supplies a federal remedy for breach of written and implied warranties, but not for oral express warranties, which remain the domain of state law." *Id.* at 1325. Here, the warranty Milicevic relies upon is *written*, not *oral*.

*Third*, in *Walsh v. Ford Motor Co.*, 807 F.2d 1000 (D.C. Cir. 1986), the D.C. Circuit held: "[E]xcept in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the Act calls for the application of state written and implied warranty law, not the creation of additional federal law." *Id.* at 1012. Again, however, the context is crucial. There, the plaintiffs sought certification of three classes in an action brought under the Magnuson-Moss Warranty Act for breach of written and implied warranties. *Id.* at 1002. Despite the fact that the plaintiffs resided in several different states and that there were variations in state laws governing the interpretation of written and implied warranties, the district court "apparently believed . . . that the federal Act alone, uncomplicated by 'any State law variations,' covered the class members' 'claims for breach of written warranty,' " *id.* at 1011, and, as for the claims for breach of implied warranty, interpreted the Magnuson-Moss Warranty Act as mandating a "somewhat looser application of Rule 23." *Id.* at 1003-05. The D.C. Circuit granted interlocutory appeal on the issue of class certification, concluded the district court improperly construed the Magnuson-Moss Warranty Act, and instructed the district court to reexamine whether the variance in state warranty laws prohibited the finding (required for class certi-

fication) that common questions of law predominated. *Id*. at 1012. However, at no point did the D.C. Circuit suggest that there was no federal cause of action under the Magnuson-Moss Warranty Act.

**[7]** Thus, it is clear from the statutory language that the Magnuson-Moss Warranty Act creates a private cause of action for a warrantor's failure to comply with the terms of a written warranty, and none of the cases cited by Mercedes support a contrary position. Finally, in this regard, whether the written warranty is full or limited makes no difference. Although the Magnuson-Moss Warranty Act distinguishes between full and limited warranties, it nonetheless refers to each as a written warranty. 15 U.S.C. § 2303(a)(1)-(2). Likewise, Section 2301(6) defines a "written warranty" without limiting it to either full or limited warranties, and Section 2310(d)(1) does not limit its application to either full or limited warranties.

### B.   Milicevic Had a Limited Written Warranty and the District Court's Findings Support the Conclusion that Mercedes Was in Breach of that Warranty

**[8]** As defined in the Magnuson-Moss Warranty Act, a written warranty is a writing made by the supplier of a product relating to the nature of the material or workmanship of the product, which warranty promises that the product is defect free or will meet a certain level of performance for a given period of time, or a writing in which the supplier agrees to refund, repair, replace, or take other remedial action in the event that the product fails to meet its specifications. 15 U.S.C. § 2301(6). Here, Mercedes supplied such a limited written warranty, which by its terms "warrants to the original and each subsequent owner of a new Mercedes-Benz passenger car that any authorized Mercedes-Benz Center will make any repairs or replacements necessary to correct defects in material or workmanship" at no charge for parts or labor.

**[9]** The district court did not clearly err in finding that two significant nonconformities — the rear window seal and the brakes — were not corrected. A Fletcher Jones mechanic admitted that the rear window seal was a "factory defect," and Mercedes never corrected the defect. And even after the brake pads and rotors were replaced, Milicevic testified the brakes still did not work properly. The district court also found that all of the defects, conditions and non-conformities complained of by plaintiff, which Fletcher Jones was unable to repair, were covered by Mercedes-Benz's said warranty. We are not firmly convinced this was in error. Even though the warranty provides that "normal maintenance" of items was the owner's responsibility, it also states:

> Our intention is to repair under warranty, without charge to you, anything that goes wrong with your car during the warranty period which is our fault. . . . Please note the difference between "defects" and "damage" as used in the warranty. Defects are covered since we, the manufacturer or distributor are responsible.

The rear window seal and brakes were repaired under warranty at no cost to Milicevic. By attempting to repair the rear window seal and the brakes under warranty, Mercedes admitted the defective nature of these conditions. Thus, when it failed to correct the defects in the rear window seal and brakes, Mercedes breached the terms of its limited written warranty in violation of Section 2310(d)(1).[4]

---

[4] When the district court concluded Mercedes violated the Magnuson-Moss Warranty Act it, perhaps accidentally, cited Section 2304 instead of Section 2310(d)(1). Section 2304 applies to full warranties, not to the limited warranty between the parties here. Nevertheless, Section 2310(d)(1) does apply to limited written warranties and "[w]e may affirm on any ground supported by the record even if it differs from the rationale of the district court." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996).

## C.  The District Court Did Not Abuse Its Discretion in Its Award of Attorneys' Fees

**[10]** Having made out a claim for relief under the Magnuson-Moss Warranty Act, Milicevic may be awarded reasonable costs and attorneys' fees. 15 U.S.C. § 2310(d)(2). With respect to attorneys' fees, the Magnuson-Moss Warranty Act gives courts discretion to award "reasonabl[e]" attorneys' fees "based on actual time expended." *Id*. The district court did not abuse its discretion when it concluded that the hourly rate requested by Milicevic's attorneys was not reasonable and, thus, eliminated hours it thought were unnecessarily duplicative. *American Law Center PC v. Stanley (In re Jastrem)*, 253 F.3d 438, 443 (9th Cir. 2001). The evidence in the record supports the conclusion that it was not necessary to have both Gellner and Haley prepare for trial in this case. Mercedes informed Gellner of its intent to call Gellner as a witness in advance of trial. Once Gellner knew he might be called to testify, the district court found Gellner could have turned over to Haley the task of trial preparation. Such a finding was well within the discretion of the district court. Further, the case was not overly complicated and did not require any special expertise. Last, the district court was well within its discretion in reducing the hourly rate and hours upon which Milicevic based her attorneys' fee request.

### CONCLUSION

For the foregoing reasons, we affirm the district court's judgment and its award of attorneys' fees.

**AFFIRMED.**