**Julius BRAY, Plaintiff,**

v.

**MONACO COACH CORPORATION, et al., Defendants.**

**No. CV 03363TUCDCB.**

United States District Court,
D. Arizona.

April 27, 2005.

---

Marshall Meyers, Krohn & Moss Ltd., Phoenix, AZ, for Plaintiff.

William M. Shattuck, Esq., Scott Michael Deeny, Quarles & Brady Streich Lang LLP, Brian J. Foster, Esq., Craig Aaron Logsdon, Snell & Wilmer LLP, Phoenix, AZ, for Defendants.

## ORDER

BURY, District Judge.

Pending before this Court is Defendant Monaco Coach Corporation's Motion for Summary Judgment. For the reasons set forth below, Defendant's Motion is denied.[1]

1. The Court will not grant the parties' request for oral argument because they submitted memoranda thoroughly discussing the law and evidence in support of their positions, and oral argument would not have aided the court's decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir.1999) (explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

## I. INTRODUCTION

Plaintiff Julius Bray sued Defendants Monaco Coach Corporation (Monaco) and Power Gear under the Magnuson–Moss Warranty Act, 15 U.S.C. § 2301 et. seq., (the Act) for claims related to defects in his Monaco "Camelot" motor home. Bray, a resident of Texas, purchased the $229,000 motor home in Arizona and it was delivered to him in New Mexico. According to Bray, the motor home underwent sixty-four repairs and eleven repair visits during his first year of ownership. He claims that the motor home remains defective. Defendant Monaco moves for summary judgment on all claims asserted by Plaintiff Bray.

## II. DISCUSSION

### A. The Magnuson–Moss Warranty Act

The Act provides a remedy for consumers damaged by breach of warranty:

a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this title, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief...

15 U.S.C. § 2310(d)(1). The Act limits suppliers' ability to disclaim implied warranties:

No supplier may disclaim or modify (except as provided in subsection (b) [which provides that implied warranties may be limited in duration to that of a written warranty of reasonable duration]) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) [the supplier and consumer enter into a service contract].

15 U.S.C. § 2308(a). The Act further requires potential plaintiffs to provide a reasonable opportunity to cure failures to comply with a warranty:

No action...may be brought under subsection (d) for failure to comply with any obligation under any written or implied warranty...unless the person obligated under the warranty or service contract is afforded a reasonable opportunity to cure such failure to comply.

15 U.S.C. § 2310(e).

### B. The parties' arguments

Bray originally sued Defendants pursuant to the Act for breach of implied warranty under New Mexico law. Should this Court decide to apply Arizona law, however, Bray advanced an alternative claim for Arizona's common law breach of implied warranty.

In its motion and reply, Defendant Monaco contends that its limited warranty is proper and enforceable and that state law governs claims under the Act. It argues that the Arizona U.C.C. bars claims for breach of express warranty, breach of implied warranty, and for the remedy of revocation against a remote manufacturer due to lack of vertical privity of contract. Monaco further argues that even if this Court applies New Mexico law, Bray's implied warranty claim must fail since Monaco's warranty disclaimed implied warranties. Monaco also reasons that a common law breach of contract claim under Arizona law must fail because all the defects fall into one of the following categories: 1) Monaco has fixed the defect, 2) Monaco has not been provided a reasonable opportunity to fix the defect, 3) the alleged defect is not an actual defect, or 4) the plaintiff has no memory concerning the alleged defect. Monaco alternatively argues that if the plaintiff is allowed to maintain his suit, his only tenable claim is a common law claim for breach of express

warranty, for which damages are limited to the diminished value of the motor home.

### C. Legal analysis

■ The Restatement Second of Conflict of Laws governs choice of law in this case. *Cardon v. Cotton Lane Holdings,* 173 Ariz. 203, 841 P.2d 198 (1992) (citing *Schwartz v. Schwartz,* 103 Ariz. 562, 565, 447 P.2d 254, 257 (1968)). Plaintiff Bray argues that New Mexico law applies under Restatement § 191 since the motor home was delivered there. Defendant Monaco argues that Arizona has a more significant relationship to this case and that Arizona law should apply under that section. While Arizona's contacts with this case are more numerous than those of New Mexico, the Restatement indicates that the law of the state of delivery of a chattel should apply unless another state has certain types of significant relationships to the case. *Restatement (Second) of Conflict of Laws* §§ 6, 191 (1971). Here, the fact that neither party is domiciled in Arizona, among other factors, suggests that those significant relationships do not exist. Therefore, this Court should apply New Mexico law to this case.

Neither the Tenth Circuit nor the New Mexico courts appear to have addressed the kind of Magnuson–Moss warranty claim at issue in this case. However, in *Milicevic v. Fletcher Jones Imps., Ltd.,* 402 F.3d 912, 919 (9th Cir.2005), the Ninth Circuit recently addressed a similar claim. In *Milicevic,* the plaintiff purchased a Mercedes vehicle that "[f]rom day one . . . exhibited a number of aesthetic and mechanical problems." [2] *Milicevic,* at 914. The plaintiff sought reimbursement or re-

placement. *Id.* at 914. The district court found a breach of the written warranty and a violation of the Magnuson–Moss Warranty Act. *Id.* at 915. It therefore awarded the plaintiff the purchase price of the vehicle, less an amount representing her reasonable use of the car, in addition to attorneys' fees. *Id.*

The Ninth Circuit affirmed the lower court's decision, finding that the Act, subject to certain conditions, creates a federal private cause of action for failure to comply with a written warranty. *Id.* at 917 (citing 15 U.S.C. § 2310(d)(1)(B)). The court analyzed the *Walsh* decision, which Defendant Monaco relies on in this case for the proposition that the Act does not supplant state law. *Walsh v. Ford Motor Co.,* 807 F.2d 1000 (D.C.Cir.1986). The Ninth Circuit found the circumstances of the *Walsh* decision to be distinguishable; the D.C. Circuit in *Walsh* held that state warranty law was to be applied in the context of a class action involving plaintiffs from different states. *Id.* at 918 (citing *Walsh,* 807 F.2d at 1002, 1012). "However, at no point did the D.C. Circuit suggest that there was no federal cause of action under the Magnuson–Moss Warranty Act." *Id.* at 918. The *Milicevic* court also clarified that the Act applies to both full and limited warranties. *Id.* at 918.

The *Milicevic* decision negates much of the reasoning of the *Plagens* decision, a recent Arizona district court decision concerning a similar set of facts, which Defendant Monaco cites in support of its motion. *Plagens v. National RV Holdings,* 328 F.Supp.2d 1068 (D.Ariz.2004). In that case, the court found that under the *Walsh*

---

**2.** "Within the first seven months, the following repairs were made: all four brake rotors were warped and required replacement at 6,000 miles; after locking Milicevic out of the car, the remote entry system was replaced; the motor for the passenger side window was replaced; the passenger side mirror was re-

placed due to a thumb print in the paint; and the rear window seal and molding were unsuccessfully repaired three times . . . By the end of seven months, the car had spent 55 days at Fletcher Jones' repair shop." *Milicevic,* at 914.

decision, state warranty laws govern claims under Magnuson–Moss. *Id.* at 1072–73. It held that Arizona law barred the plaintiff's warranty claims. *Id.* at 1073–76.

Moreover, the *Milicevic* case, which was handed down since Defendant Monaco moved for summary judgment, soundly defeats the arguments Monaco advanced in its motion. Monaco states that "[w]hile the Act creates certain federal minimum standards for warrantors and affords consumers additional revenues for redress, it does not supplant state law." Therefore, Monaco concludes that the Arizona U.C.C. bars Bray's claim due to a lack of privity of contract between the parties. Monaco further argues that if New Mexico law applies, the fact that its limited warranty disclaims implied warranties means that Bray's claim must fail. This line of reasoning is no longer tenable under *Milicevic.*

In sum, this case is governed by New Mexico law. However, due to the the lack of related Tenth Circuit and New Mexico decisions regarding claims under the Magnuson–Moss Act, this Court follows and applies the Ninth Circuit's recent decision in *Milicevic.* The *Milicevic* decision establishes that Plaintiff Bray has a federal private cause of action for failure to comply with a written warranty under the Magnuson–Moss Act. *Milicevic,* at 917 (citing 15 U.S.C. § 2310(d)(1)(B)). As such, Bray may sue directly under the Act, and Monaco may not disclaim any implied warranty. 15 U.S.C. § 2308(a). Given the extensive nature of repairs made to Bray's motor home, which appear to exceed those made to the plaintiff's vehicle in *Milicevic,* a reasonable jury could find a violation of the Act. It remains a question for the jury, however, whether Bray has provided Monaco a "reasonable opportunity" to cure defects. 15 U.S.C. § 2310(e).

## III. CONCLUSION

For the foregoing reasons, this Court denies Defendant's Motion for Summary Judgment.

**Accordingly,**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (document 109) is **DENIED.**