**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PASQUALE VENEZIA, | No. 09-15930 |
| Plaintiff - Appellee, | D.C. No. 2:07-cv-01511-SMM |
| v. | |
| BENTLEY MOTORS, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted March 10, 2010
San Francisco, California

Before: B. FLETCHER and CLIFTON, Circuit Judges, and ANELLO,[**] District
Judge.

Bentley raises several issues in its appeal from a judgment based on a jury

verdict in Venezia's favor under Arizona's lemon law. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael M. Anello, United States District Judge for
the Southern District of California, sitting by designation.

Bentley first argues that it is entitled to judgment as a matter of law. We review the district court's ruling de novo, considering whether "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

Liability under Arizona's lemon law arises if a vehicle fails to conform to its warranty after a "reasonable number of attempts." Ariz. Rev. Stat. Ann. § 44-1263(A); *see also Hull v. DaimlerChrysler Corp.*, 99 P.3d 1026, 1027–28 (Ariz. Ct. App. 2004) ("[I]f the vehicle cannot be timely repaired, the consumer is entitled to either a replacement vehicle or a refund of the purchase price."). The number of attempts that is reasonable is for the jury to decide; the statute neither allows for strict liability after a given number of attempts or days out of service nor precludes liability if a vehicle finally conforms to its warranty at the end of the lemon-law period. *Cf. Milicevic v. Fletcher Jones Imps., Ltd.*, 402 F.3d 912, 916 (9th Cir. 2005) (interpreting Nevada's lemon law, which contains a presumption very similar to the one in Arizona's lemon law).

Venezia had to take his car to the shop eleven times in the first two years, including as many as three trips for scheduled maintenance. The car was out of service for between thirty-eight and ninety-nine days, depending on which

2

evidence the jury believed. Viewed in the light most favorable to Venezia, the evidence provided sufficient support for the jury to conclude that at some point in those two years, Venezia's car still failed to conform to its warranty even though a reasonable number of repair attempts had been made. The evidence permits the jury's finding of liability, so we affirm the district court's ruling that Bentley is not entitled to judgment as a matter of law.

Bentley next argues that there should be a new trial because the district court gave incorrect instructions to the jury. We conclude that the instructions did include an error, but that the error was not prejudicial. In certain circumstances, Arizona's lemon law gives rise to a presumption that a "reasonable number of attempts have been made to conform a motor vehicle to the applicable express warranties." Ariz. Rev. Stat. Ann. § 44-1264. We agree with Bentley that the district court should have instructed the jury that this presumption applies against a manufacturer only if there has been "prior direct notification" and "an opportunity to cure the alleged defect." *Id.* § 44-1264(C). While Bentley did receive notice, whether it also had an opportunity to cure was a matter in dispute.

The error in instructions was harmless because, more likely than not, it had no effect on the verdict. *See Swinton v. Potomac Corp.*, 270 F.3d 794, 805–06 (9th Cir. 2001). An opportunity to cure is not required for a manufacturer to be held

liable under section 44-1263; that opportunity is required only for the presumption under section 44-1264 to apply. The jury did not indicate whether the presumption was a basis for liability. Given the evidence in this case, we conclude that the jury probably would have determined that a reasonable number of attempts had been made even if it determined that the presumption did not apply.

Venezia also made a claim under the Magnuson-Moss Warranty Act, for which the jury found Bentley liable but awarded no damages. Bentley contends that the jury's verdicts on the state and federal claims were inconsistent. Bentley's argument ignores the subjective element of the Arizona lemon law. *See* Ariz. Rev. Stat. Ann. § 44-1263(A). But even if the verdicts were inconsistent, inconsistencies between general verdicts on different claims do not merit new trials. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). A damages award—which is all the jury's verdict included—does not convert a general verdict into a special verdict or a general verdict with interrogatories. *See id.* at 1031. Nor is a finding of liability accompanied by no award of damages necessarily inconsistent. *See id.* at 1036.

Finally, none of the evidentiary rulings that Bentley raises merit reversal or remand. The number of days the vehicle had been in service was in dispute only because the dealer switched from a form that had both "invoice" and "ready" dates

to one that had only an "invoice" date. The "invoice" and "ready" dates were consistently identical when both appeared on a form, so it was no abuse of discretion for the district court to allow testimony that assumed those dates might continue to be identical. Moreover, Venezia's testimony was based in part on his personal experience, and the district court specifically instructed the jury that it could disregard the assumption underlying Venezia's expert's testimony.

Venezia's testimony concerning the car's loss in value was relevant, among other things, to his subjective valuation of the car. *See* Ariz. Rev. Stat. Ann. § 44-1263(A). We agree that Venezia's expert's formula appears to lack foundation, but any error in its admission was harmless because the jury awarded no damages for objective loss in value under the Magnuson-Moss Warranty Act and because there was other evidence from which the jury could have determined liability under Arizona's lemon law. We reject the contention that the jury should have been compelled to accept Bentley's expert's implausible opinion that the repair history of the car had no impact on the car's resale value.

The evidence that Venezia elicited concerning other customers' complaints was valid impeachment that tended to show the bias of Bentley's witness. *See, e.g.*, *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000). A pretrial order concerning a motion in limine does not bar a district court from deciding to admit

5

testimony once the trial is underway. *See, e.g.*, *Luce v. United States*, 469 U.S. 38, 41–42 (1984). It was no abuse of discretion to allow the cross-examination.

Nor did the district court abuse its discretion by excluding documentary evidence that Venezia refused to allow additional repairs to the car for one month after the lemon-law period had ended. The district court allowed testimony about the same period and ordered that Venezia could not argue that Bentley had notice and failed to make repairs during that period. Also, Venezia stipulated that he would not be entitled to any Magnuson-Moss damages during the period. Finally, the inference that Bentley intends to raise, that Venezia might also have refused to allow repairs during the lemon-law period, is flatly contradicted by the car's actual repair history.

**AFFIRMED.**