**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RHONDA WILKINSON, | No. 12-15853 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01083-JCM-RJJ |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and, M. SMITH, Circuit Judges.

Rhonda Wilkinson appeals pro se from the district court's judgment following a bench trial in her employment action alleging retaliation in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusions of law and for clear error the district court's findings of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

fact. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005). We affirm.

Wilkinson's primary contention that she was denied her right to a fair trial because the district court judge was biased against her is without merit. *See Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). Nothing in the record supports Wilkinson's claim that the trial judge was biased or that she received an unfair trial.

After reviewing the record, we cannot say that the district court clearly erred by crediting the testimony of defendant and defendant's witnesses over the testimony of Wilkinson. *See* Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."); *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 ("If the district court's account of the evidence is plausible in light of the record, the court of appeals may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

The district court did not abuse its discretion in deciding to exclude one of Wilkinson's witnesses from the courtroom or in allowing defendant's representative to remain in the courtroom. *See* Fed. R. Evid. 615(b); *Milicevic*, 402

F.3d at 915 (setting forth standard of review).

Wilkinson's contentions concerning the number of exhibits admitted into evidence, the privacy of her medical and bankruptcy records, and a coworker's allegedly unprofessional treatment of Wilkinson after the bench trial are unpersuasive.

**AFFIRMED.**