**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRE DREW, | No. 13-17113 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-00315-BGM |
| v. | |
| CRAIG APKER, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding[**]

Submitted January 21, 2015[***]

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Federal prisoner Andre Drew appeals pro se from the district court's

judgment following a bench trial in his action under *Bivens v. Six Unknown Named*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusions of law and for clear error its findings of fact. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005). We affirm.

After reviewing the record, we cannot say that the district court clearly erred by concluding that the evidence was insufficient to establish that Drew's gastritis and other gastrointestinal ailments were serious medical conditions. *See* Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."); *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."); *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (defining a serious medical condition for purposes of an Eighth Amendment violation), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

The district court did not abuse its discretion by keeping discovery closed

after appointing counsel to assist Drew at trial when fact discovery had been closed for nearly five months and Drew did not seek an extension of time to conduct additional discovery outside the discovery period set forth in the scheduling order. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (noting the district court's broad discretion in discovery matters); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

We reject Drew's contentions concerning the trial court's alleged restriction on his ability to reference defendant's criminal conduct.

**AFFIRMED.**