**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS NGUYEN, | No. 15-56996 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-02594-WQH-MDD |
| v. | |
| EDUARDO LOPEZ, San Diego Police Officer (#6654); DAVID VALDEZ, San Diego Police Officer (#6562), | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted March 8, 2017**

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Thomas Nguyen appeals pro se from the district court's judgment following

a bench trial in his 42 U.S.C. § 1983 action alleging unlawful detention and

excessive force in violation of the Fourth Amendment, and retaliation in violation

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the First Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclusions of law and for clear error the district court's findings of fact. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005). We affirm.

The district court did not clearly err in its credibility determinations, and, based upon those findings, the district court properly concluded that defendants had probable cause to detain Nguyen under California Welfare and Institutions Code § 5150, and used reasonable force in doing so. *See Bias v. Moynihan*, 508 F.3d 1212, 1220 (9th Cir. 2007) (discussing and applying the probable cause standard under § 5150); *see also Graham v. Connor*, 490 U.S. 386, 395-97 (1989) (setting forth the objective reasonableness standard for excessive force determinations).

The district court did not clearly err in entering judgment for defendants on Nguyen's First Amendment claim because defendants submitted credible testimony that deterrence of Nguyen's speech was not a substantial or motivating factor in their decision to detain him under § 5150. *See Lacey v. Maricopa County*, 693 F.3d 896, 916-17 (9th Cir. 2012) (discussing elements of a First Amendment retaliation claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**