NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY LAWRENCE GUNDERSON, AKA Jeremy L. Gunderson, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ANTONIO RIVAS-PARDO, named as a corrections officer at Pima County Detention Center; et al., <br><br> Defendants-Appellees. | No. 17-15160 <br><br> D.C. No. 4:13-cv-01131-JAS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Former pretrial detainee Jeremy Lawrence Gunderson appeals pro se from

the district court's judgment following a bench trial in his 42 U.S.C. § 1983 action

alleging excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the district court's conclusions of law and for clear error its factual findings. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 915 (9th Cir. 2005). We affirm.

Appellant has not demonstrated that the district court committed any legal error. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (under the Fourteenth Amendment, a pretrial detainee must show that the "force purposely or knowingly used against him was objectively unreasonable"); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 788 (9th Cir. 2018) (under the Eighth Amendment, a prisoner must show that force was applied maliciously and sadistically for the purpose of causing harm to demonstrate an excessive force claim).

Appellant has not demonstrated that the district court clearly erred in its factual findings. *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 168 (9th Cir. 1991) (dismissing appeal filed by pro se appellant for failure to comply with Fed. R. App. P. 10(b)(2)).

Appellant's motion to file a supplemental brief (Docket Entry No. 32) is denied.

**AFFIRMED.**

17-15160