**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBEL A. AFEWERKI, | No. 19-56486 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-07132-RGK-JPR |
| v. | |
| ANAYA LAW GROUP, | MEMORANDUM* |
| Defendant-Appellant, | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted December 11, 2020**
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,*** District Judge.

Anaya Law Group ("ALG") appeals a district court order granting Robert

Afewerki's ("Afewerki") motion for attorney's fees and costs under the Fair Debt

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and an order denying ALG's motion for reconsideration of the fee order. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In the proceedings below, Afewerki moved for attorney's fees and costs under the FDCPA. ALG opposed the motion, arguing that the check it had tendered to Afewerki after the district court entered judgment on its order granting Afewerki fees, but before the prior appeal, constituted an accord and satisfaction under California Commercial Code § 3311. The district court rejected that argument. It reasoned that our prior decision in *Afewerki v. Anaya Law Grp.*, 779 F. App'x 449 (9th Cir. 2019), required it to reinstate Afewerki's original fee award of $83,299.00 and his original cost award of $3,008.91. ALG filed a motion for reconsideration, which the district court denied.

In doing so, the district court explained that ALG did not raise a sufficient basis for reconsideration because the district court had addressed ALG's accord and satisfaction defense when it granted Afewerki's fee motion. The district court also noted that even if it were to reconsider its fee order, ALG's defense failed because there was no "meeting of the minds" between ALG and Afewerki. This appeal followed.

2

ALG first argues that the district court erred in reading our prior mandate as foreclosing ALG's accord and satisfaction defense. We review *de novo* a district court's compliance with our mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). But "when a [district] court is confronted with issues that the remanding court never considered, the 'mandate[] require[s] respect for what the higher court decided, not for what it did *not* decide.'" *Id.* (emphasis in original) (quoting *Kellington*, 217 F.3d at 1093).

Here, we never considered ALG's accord and satisfaction defense in the prior appeal. We therefore agree with ALG that the district court erred in concluding that ALG's defense was foreclosed by our mandate. Nevertheless, we hold that the district court properly awarded fees to Afewerki and denied ALG's motion for reconsideration, because ALG's accord and satisfaction defense fails on the merits.

As an initial matter, ALG asserted its defense under the wrong law. The parties briefed extensively on the accord and satisfaction defense under California Commercial Code § 3311. But Afewerki sought fees under the FDCPA, so federal law applies. *See Klein v. City of Laguna Beach*, 810 F.3d 693, 702 (9th Cir. 2016)

3

("*Erie* does not compel federal courts to apply state law to a federal claim.") (citation omitted); *see also Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994) ("[S]ince we address federal, not state claims, the federal common law of attorney's fees, and not [state] law, is the relevant authority."). ALG's arguments relating to its accord and satisfaction defense under California law are irrelevant to this dispute.

Applying federal law, we conclude that ALG's accord and satisfaction defense fails. In *United States v. Houghton*, the Supreme Court held that "where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." 364 U.S. 310, 312 (1960). Here, ALG can only point to the check that purportedly satisfied ALG's obligations to Afewerki under the district court's judgment.

Moreover, nothing in the record suggests that the parties agreed to extinguish Afewerki's right to appeal. In *Milicevic v. Fletcher Jones Imports, Ltd.*, we explained that "[t]he usual rule in the federal courts is that payment of a judgment does not foreclose an appeal." 402 F.3d 912, 915 (9th Cir. 2005) (citations omitted). "Unless there is some contemporaneous agreement not to appeal, implicit in a compromise of the claim after judgment, and so long as, upon reversal, restitution can be enforced, payment of the judgment does not make the

4

controversy moot." *Id*. (citations omitted). Here, there was no contemporaneous agreement not to appeal. Afewerki filed the notice of the prior appeal two months *before* depositing the check from ALG. We agree with the district court's finding that this undercuts any contention that the parties "had reached a genuine compromise that the $1,770.00 payment would be considered full satisfaction of the judgment."

The district court's judgment awarding attorney's fees and costs to Afewerki is **AFFIRMED**. The district court should credit $1,770.00 against ALG's obligations to Afewerki. Afewerki may also seek the attorney's fees and costs he incurred in litigating his fees and costs on this appeal. *See Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 463 (9th Cir. 2010). We **REMAND** to the district court for a determination of the amount.