**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 14, 2009

Charles R. Fulbruge III
Clerk

Nos. 08-11140 & 08-11141

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BERNARD B. ALLEN; VERONICA M. ALLEN,

Defendants–Appellants.

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:08-CR-141-1
& 4:08-CR-141-2

---

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Veronica and Bernard Allen appeal the district court's denial of their motion to reconsider its order that they reimburse the government for the costs of their court-appointed attorneys. Because the Allens' family has repaid the government in full, we dismiss this appeal as moot.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**I**

Veronica and Bernard Allen were charged with criminal contempt of court. The Allens made their initial appearance before a magistrate judge. Although they declined to provide any financial information at the time, the magistrate judge, doubting that they could afford representation, provided both Allens with court-appointed counsel.

Subsequently, the district court issued an order expressing its concerns regarding the Allens' qualification for court-appointed counsel in light of the lack of information regarding their financial status. The district court held a hearing at which the Allens stated that they wanted, but could not afford, representation. However, the Allens again declined to provide any financial information, invoking their Fifth Amendment privilege against self-incrimination. Without further inquiry, the district court allowed the Allens to retain their appointed attorneys but ordered them to reimburse the government for the costs of their representation within thirty days.

The Allens were ultimately found guilty of criminal contempt. The Presentence Report indicated that the Allens' financial situation was relatively dire. The Allens moved for reconsideration of the reimbursement order in light of the newly provided financial information. The district court denied the motions. The Allens timely appealed.

While the appeal was pending, the entire amount due from the Allens for the costs of their representation was paid directly to the government by Mr. Allen's sister. Based on affidavits filed with this court, the money was raised by three of Mr. Allen's family members (Family). These affidavits also indicate that the Family "had hoped" that the Allens would eventually repay the funds expended on their behalf.

## II

The Government argues that the Family's repayment of the costs of the Allens' court-appointed attorneys has mooted this appeal.

"An actual case or controversy must exist at every stage in the judicial process."[1] Federal courts may not give opinions on "moot questions or abstract propositions."[2] Therefore, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed."[3] "A claim becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"[4] When "dealing with the problems of mootness that arise as events overtake the pace of decision . . .[t]he central question . . . is . . . whether a decision of a once living dispute continues to be justified by a sufficient prospect that the decision will have an impact on the parties."[5]

Typically, "[s]atisfaction of a judgment does not moot the appeal unless the defendant–appellant voluntarily satisfies the judgment, thereby misleading the plaintiff into believing the controversy has ended."[6] There is no suggestion that the Allens intended to surrender their appeal rights.

---

[1] *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008).

[2] *Id.* (internal citation omitted).

[3] *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

[4] *Motient*, 529 F.3d at 537 (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003)).

[5] *United States v. Rosenbaum-Alanis*, 483 F.3d 381, 383 n.6 (5th Cir. 2007) (internal citation omitted).

[6] *In re Latham*, 823 F.2d 108, 111 (5th Cir. 1987).

However, it was the Family, not the Allens, who ultimately paid the judgment. In reimbursing the government directly for the Allens' attorneys' fees, the Family relieved the Allens of liability under the district court's order.[7] Further, because there is no indication that the Allens are under an independent legal obligation to repay the Family, they no longer have a personal interest in the outcome of this appeal.[8] Federal courts cannot render decisions when it is impossible to grant effectual relief to a prevailing party.[9] Because the Allens have not actually expended any funds to reimburse the government for the costs of their court-appointed attorneys, we could not grant effectual relief even if they were to prevail on the merits. The Allens' appeal is moot and there is no live case or controversy for us to address.[10]

\* \* \*

Accordingly, this appeal is DISMISSED as moot.

---

[7] *See Union of Prof'l Airmen v. Alaska Aeronautical Indus., Inc.*, 625 F.2d 881, 884 (9th Cir. 1980) (holding that an appeal from a civil contempt order assessing fines against a company and its president was mooted as to the president by the company's payment of the fine).

[8] *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998) ("[A case may become moot due to an] intervening factual event which causes the plaintiff to no longer . . . have a stake or interest in the outcome."); *see also Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976) ("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement.").

[9] *Motient*, 529 F.3d at 537.

[10] *See Old Bridge Owners Co-op. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001) (holding that a third-party's payment of back property taxes for which the appellant was held personally liable mooted the appeal).