**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 11, 2009

Charles R. Fulbruge III
Clerk

Nos. 08-11140 & 08-11141

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BERNARD B. ALLEN; VERONICA M. ALLEN,

Defendants–Appellants.

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:08-CR-141-1
& 4:08-CR-141-2

ON PETITION FOR PANEL REHEARING

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED. R. APP. P. and 5TH CIR. R. 35), the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petition for Rehearing En Banc is DENIED. Consequently, the Motion to Intervene is DENIED.

**I**

On September 14, 2009, this panel dismissed as moot Bernard and Veronica Allen's appeal of the district court's denial of their motion to reconsider its order that they reimburse the government for the costs of their court-appointed attorneys.[1] While the Allens' appeal was pending, their family members paid directly to the government the entire amount due for the costs of the Allens' representation. We held that "[b]ecause the Allens have not actually expended any funds to reimburse the government for the costs of their court-appointed attorneys, we could not grant effectual relief even if they were to prevail on the merits."[2] On September 28, 2009, Bernard Allen[3] filed a petition requesting that this court grant rehearing en banc to review our panel decision. Two days later, on September 30, the Allens' family members filed a motion to intervene. Because the Allens' family members' request to intervene was not timely and good cause was not shown for the delay, we deny their motion.

**II**

The district court ordered the Allens to reimburse the government, within thirty days of sentencing, for the costs of their court-appointed attorneys. The Allens did not object to that order during the hearing on the matter or after the order was entered. Subsequently, the Allens were convicted of criminal contempt for failing to appear in court in response to IRS summonses issued to

---

[1] *United States v. Allen*, Nos. 08-11140 & 08-11141 (5th Cir. Sept. 14, 2009).

[2] *Id.,* slip op. at 4.

[3] Although both Bernard and Veronica Allen were parties on appeal, the petition for rehearing was submitted only by Bernard Allen.

them. In preparation for their sentencing, Presentence Reports (PSRs) were prepared for each of the Allens. The PSRs included information about the Allens' finances in a section entitled "Financial Condition: Ability to Pay." Other than totaling the Allens' assets and unsecured debts to calculate the Allens' net worth, and their monthly income and total expenses to calculate the Allens' net monthly cash flow, the PSRs did not state a conclusion regarding the Allens' ability to pay the costs of court-appointed counsel. The PSRs revealed negative numbers for the Allens' net worth and their net monthly cash flow.

The Allens and the Government disagreed as to what the PSRs revealed about their ability to pay. The Allens each submitted motions to rescind or modify the court's reimbursement order, arguing that the PSRs established that the Allens did not have the financial ability to comply with the court's order. In response, the Government argued that the PSRs demonstrated the Allens' ability to pay. The Government contended that the Allens' negative monthly cash flow was due to overspending and that their negative net worth was due to unsecured debt owed to several government entities in back taxes and restitution, and thus it should not be considered in deciding whether the Allens had the ability to pay. The Government also argued that because the Allens did not file objections to the PSRs, their motions to rescind or modify the court's order were untimely and moot. The district court stated it had "considered the motions and the government's response" and "determined that the motions of both defendants should be denied." Subsequently, the district court entered additional orders specifying that Bernard Allen owed $7,129.15 and Veronica Allen owed $6,975.71 in attorneys fees, due by November 24, 2008. The Allens timely appealed from these orders.

In November 2008, while the Allens' appeal was pending, Mr. Allen's sister, a lawyer, paid the balance due to the government, using her own funds

and money collected from another sister and Mr. Allen's father. The family members did not request that the payment be conditioned on the outcome of the Allens' appeal, nor did they submit the payment with any sort of reservation of rights. Furthermore, the family members did not seek to intervene in the appeal after making the payment.

The family members had notice of the proceedings in the Allens' case. The attorney representing the family members, Sue Allen, is a family member herself. Additionally, in affidavits submitted in this court, the family members display their knowledge of the district court proceedings and indicate that their decision to pay on behalf of the Allens arose out of concern that the Allens would be prosecuted for contempt again if they did not pay. Also of note, Ms. Allen testified during the district court proceedings.

Even if the family members were not aware of the need to intervene initially, the Government filed a motion to dismiss in this court in May 2009, arguing that this case should be dismissed as moot because the family members were not parties and had not sought to intervene. The family members did not seek to intervene at any time during the four months from the date of this motion until the panel issued its decision in September 2009. The family members admit in their motion to intervene that they were aware of the potential need to intervene in May 2009, and they argue that their presence in the case would not present the Government with a more difficult burden. However, this argument ignores the fact that the court has already issued an opinion in this case on the premise that the family members did not desire to be parties. We would have reached the merits of the Allens' appeal had the family not voluntarily and unconditionally made a payment or had they moved to intervene after having made a conditional payment.

4

Although there is no time specified within which to seek to intervene on appeal, the family members' motion to intervene was not filed until after a decision on the merits and the time for rehearing had passed.[4] Under these circumstances, the family members have not been diligent. In any event, it is unclear what relief could or should be granted given the unconditional payment. Additionally, neither the family members nor the Allens claim that the Allens assigned any rights they had to repayment to the family members or that the Allens are under any legal obligation to repay the family members.

\*       \*       \*

Accordingly, the petition for rehearing en banc, petition for rehearing, and motion to intervene are DENIED.

---

[4] *See* FED. R. APP. PRO. 40(a)(1) ("[A] petition for panel rehearing may be filed within 14 days after entry of judgment.").